Bernard Lynn WITHERSPOON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–83–0365–CR.

Court of Appeals of Texas, Houston (1st Dist.).

May 31, 1984.

Walter J. Pink, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before EVANS, C.J., and BULLOCK and WARREN, JJ.

OPINION

WARREN, Justice.

A jury convicted appellant of burglary of a habitation with intent to commit rape and assessed his punishment at 60 years confinement. He brings four grounds of error on appeal.

In his first ground, appellant alleges that the trial court erred in failing to charge the jury on the defense of mistake of fact. Appellant argues that he broke the window on the back door of the victim's house and

entered because he was under the mistaken impression that he was locked out of his own home. He testified that he was confused because he had been at a New Year's Eve party and had indulged in several types of drugs, including alcohol, marijuana, unidentified "pills," and possibly heroin.

The 77-year-old complaining witness testified that she was home alone at 3:00 a.m., when someone rang the doorbell and knocked on her front door. She asked who was there, and appellant gave her a name and said a friend lived there. She told him to go away, but she did not see him leave. She testified that appellant had come to her house twice before in the middle of the night, asking for different people.

The victim testified that she went to the bathroom, and when she was returning to the living room she heard glass break in the back of the house. She ran out the front door and across the street toward a neighbor's house. Appellant followed her and threw her to the ground, telling her to stop yelling or he would kill her, and began choking her with his hands. She stopped yelling, and he forced her to return with him to her house. He entered her house with her and forced her into her bedroom, where he turned on the light, ripped off her gown and raped her. Neighbors who witnessed the abduction called the police, who arrested appellant.

■ A charge on a defensive theory is not required unless a fact question is raised by the evidence. *E.g.*, *Guerrero v. State*, 487 S.W.2d 729 (Tex.Crim.App.1972). Appellant testified that he did not remember anything from the time he first knocked on the door to the time he woke up in jail. He did not deny entering the house the second time and dragging the victim inside with him. The State points out that this was a burglarious entry with intent to commit rape, and that any defense of mistake of fact as to the first entry is irrelevant. We agree. The evidence does not raise a relevant question as to mistake of fact, and the trial court properly refused appellant's request for an instruction. Appellant's first ground of error is overruled.

■ In his second ground of error, appellant alleges that the trial court erred in commenting on the weight of the evidence in the jury charge. The court charged the jury, among other things, that voluntary intoxication did not constitute a defense to the commission of a crime, and appellant objected to that charge. Appellant now argues that the evidence did not establish that intoxication caused him to commit the burglary. However, appellant's entire defense was that he had no intent to burglarize the victim's house, and that he had been acting under the mistaken impression that her house was his house when he broke in. The trial court correctly charged the jury in accordance with Tex.Penal Code Ann. sec. 8.04 (Vernon 1974). *See Madden v. State*, 628 S.W.2d 161 (Tex.App.—Eastland 1982, pet. ref'd). The evidence supports the charge, and appellant's second ground of error is overruled.

■ In his third ground, appellant alleges that the trial court erred in charging the jury that voluntary intoxication does not constitute a defense to the commission of a crime, because intoxication is a defense to a "specific intent crime" like burglary with intent to rape. Appellant argues that he did not have the requisite specific intent to rape when he entered the house, because he was too intoxicated to have any criminal intent. Appellant has not cited any case authority for the proposition that specific intent may be disproved by evidence of intoxication. Evidence of voluntary intoxication does not negate elements of intent or knowledge. *Lerma v. State*, 632 S.W.2d 893 (Tex.App.—Corpus Christi 1982, pet. ref'd). The jury could logically infer that appellant intended to rape his victim when he forced her back into her house and into her bedroom. Appellant's third ground of error is overruled.

■ In his fourth ground of error, appellant alleges that the trial court erred in charging the jury on the elements of burglary of a habitation, when the evidence

adduced at trial showed only the crime of rape. As discussed previously, the evidence showed that appellant forced the victim to enter her house with him, and then he raped her. The evidence was sufficient to support a jury charge on burglary with intent to rape. Appellant's fourth ground of error is overruled.

The judgment of the trial court is affirmed.

Publish.Tex.R.Crim.App.P. 207.