Otto Andrew KOEHLER, III, Appellant,

v.

The STATE of Texas, Appellee.

No. 04-91-00107-CR.

Court of Appeals of Texas,
San Antonio.

April 15, 1992.

Rehearing Denied May 14, 1992.

Thomas Rocha, Jr., Stephen A. Nicholas, Nicholas and Barrera, Inc., San Antonio, for appellant.

Steven C. Hilbig, Crim. Dist. Atty., Russell Noe, Gerry Matheny, Angela Moore, Asst. Crim. Dist. Attys., San Antonio, for appellee.

Before PEEPLES, BIERY and CARR, JJ.

BIERY, Justice.

Otto A. Koehler, appellant, was found guilty by a jury of the offense of driving while intoxicated. Punishment was assessed by the jury at two years imprisonment, probated, and a $2,000 fine.

In his first three points of error, appellant argues the trial court erred in proceeding to trial, and in overruling his motion for new trial, because Koehler had been declared incompetent by a probate court and a guardian had been appointed. He contends this is a prima facie showing of incompetence to stand trial. In points of error numbers four and five, Koehler contends the trial court erred in excluding his guardian, Manuel Vara, from the courtroom during the guilt/innocence phase and the punishment phase of the trial.

▇ Proceedings under the Texas Probate Code appointing guardians of persons of unsound mind and proceedings under the Texas Code of Criminal Procedure determining legal competence to stand trial are dissimilar and have different purposes. Guardianship proceedings are designed to protect a person who is, for any reason, mentally incapable of taking care of himself or his property. TEX.PROB.CODE ANN. § 114 (Vernon 1980). Proceedings to determine competency to stand trial contemplate determination of whether a defendant in a criminal action has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational, as well as a factual, understanding of the charges brought against him. TEX.CODE CRIM.PROC. ANN. art. 46.02 § 1 (Vernon 1979). It follows from this difference that a judicial determination finding a person mentally ill under the Probate Code does not constitute a determination of that person's mental competency to stand trial against criminal charges. *Leyva v. State*, 552 S.W.2d 158, 160 (Tex.Crim.App.1977); *Ainsworth v. State*, 493 S.W.2d 517, 522 (Tex.Crim.App. 1973); *see also* TEX.REV.CIV.STAT.ANN. art. 5547–83(b) (Vernon 1958) (judicial determination that person is mentally ill does not constitute determination or adjudication of mental competency). In this case, the trial court did not err in proceeding to trial, or in overruling appellant's motion for new trial, because the probate court's order determining Koehler's competency to manage his affairs is not a prima facie showing of his incompetency to stand trial on the driving while intoxicated charge.

▇ Appellant next contends the trial court erred in proceeding to trial without first having a jury determine whether Koehler was competent to stand trial. The record reflects the trial judge had appellant examined by Dr. John Sparks, a psychiatrist, who was of the opinion that Koehler was mentally ill, but understood the charges against him and could aid his attorney in preparing his defense. The judge found Koehler competent to stand trial. No objection was made to the finding, and appellant made no request for a criminal competency hearing before a jury.

Article 46.02 § 4(a) of the Texas Code of Criminal Procedure provides for a jury to be impaneled to determine the defendant's competency to stand trial *if* the trial court determines there is evidence to support a finding of incompetency to stand trial. We must review the trial court's action pursuant to Article 46.02 § 4(a) under an abuse of discretion standard. *Garcia v. State,* 595 S.W.2d 538, 542 (Tex.Crim.App.), *aff'd,* 601 S.W.2d 369 (1980).

A psychiatric examination, in and of itself, does not constitute a determination that an issue of competency exists. *Gardner v. State,* 733 S.W.2d 195, 200 (Tex. Crim.App.1987), *cert. denied,* 488 U.S. 1034, 109 S.Ct. 848, 102 L.Ed.2d 979 (1989). Only when the requirements of Article 46.02 § 4(a) are met is the judge required to impanel a jury to resolve the question of competency. *Id.* Here, the record reflects the trial judge was aware of the competency question, inquired into the matter with appellant's counsel and the State, adduced testimony from a psychiatrist on the question and made a determination that the issue of present incompetence to stand trial on the driving while intoxicated charge did not exist. The appellant did not request a pretrial determination of competency, present any evidence to rebut the psychiatrist's opinion, or object to the judge's ruling finding appellant competent to stand trial. As previously discussed, the probate court's order is not evidence of appellant's incompetency to stand trial. We hold the court did not abuse its discretion under Article 46.02 § 4(a). Points of error one through three are overruled.

Appellant next contends the trial court erred in excluding Manuel Vara, the guardian of the person of appellant, from the courtroom during the guilt-innocence phase and punishment phase of the trial. Vara was appointed as appellant's guardian by the Probate Court and is also director of the Bexar County Mental Health Department. The state announced it wanted to interview Mr. Vara with intentions of calling him as a witness. The trial court ruled the State could talk to Vara in his capacity as administrator of the County Mental Health Department, but could not talk to him as appellant's guardian. Appellant's objection was overruled and Rule 613 of the Texas Rules of Criminal Evidence was invoked.

Appellant cites no authority supporting his proposition that Vara, as appellant's guardian of his person, must be present at trial. The State, on the other hand, cites Rule 613 of the Texas Rules of Criminal Evidence which provides: "[a]t the request of a party the court *shall* order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order on its own motion." (emphasis added). The fact that Vara was a potential witness in this case provided a proper basis for his exclusion from the proceedings. Additionally, at least one Texas court has held there is no basis for a guardian to be present during the proceedings where the defendant has been found competent to stand trial on criminal charges. In *Abdnor v. State,* 756 S.W.2d 815 (Tex.App.—Dallas 1988), *rev'd on other grounds,* 808 S.W.2d 476 (Tex.Crim.App.1991), the defendant/appellant contended the court erred in denying his request to exempt his father from the rule excluding witnesses. Abdnor complained that, because a Dallas County probate court had appointed his father as his legal guardian before trial, the judge should have permitted his father to remain in the courtroom during the murder trial. The appellate court rejected this argument, holding the trial judge acted within his discretion in excluding the guardian because Abdnor was an adult found by a jury to be competent to stand trial. *Id.* at 823. We find this reasoning applicable here, and hold the trial court did not abuse its discretion in excluding the guardian from the courtroom. Points of error four and five are overruled.

Accordingly, the judgment of the trial court is affirmed.