Lourdes **VALDES–FUERTE,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–94–00058–CR.

Court of Appeals of Texas,
San Antonio.

Dec. 7, 1994.

Arthur G. Guzman, San Antonio, for appellant.

Steven C. Hilbig, Crim. Dist. Atty., Angela Moore, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before BUTTS, LOPEZ and HARDBERGER, JJ.

## OPINION

HARDBERGER, Justice.

The appellant, Lourdes Valdes–Fuerte, was indicted for the offense of murder. A jury found her guilty and punishment was assessed as imprisonment for thirty years. Appellant appeals the conviction.

### Competency Hearing

Appellant asserts in her first point of error that the trial court erred in failing to hold a hearing to determine appellant's competency to stand trial. In her second point of error appellant asserts that she was legally incompetent to stand trial and to convict her violates her rights to due process and due course of law.

The test of legal competence to stand trial is whether defendant has sufficient present ability to consult with her lawyer with a reasonable degree of rational understanding and whether she has a rational as well as factual understanding of the proceedings

against her. *Loftin v. State,* 660 S.W.2d 543, 545–6 (Tex.Crim.App.1983); *Koehler v. State,* 830 S.W.2d 665, 666 (Tex.App.—San Antonio 1992); Tex.Code Crim.Proc.Ann. art. 46.02 § 1 (Vernon 1979).

■ In support of her contention that the trial court should have conducted a formal competency hearing, appellant cites several pretrial motions including her notice of intent to offer the insanity defense, the court ordered psychiatric evaluation, the finding in the evaluation itself that the appellant had a history of psychiatric treatment, and the fact that a probate court had appointed a guardian for the appellant. According to appellant, the trial court should have, *sua sponte,* ordered a competency hearing and that failure to do so was reversible error.

■ Article 46.02 § 4 provides that if the court determines that there is evidence to support a finding of incompetency to stand trial, a jury shall be impaneled to determine the defendant's competency to stand trial. The standard of review is whether the trial court abused its discretion. *Garcia v. State,* 595 S.W.2d 538, 542 (Tex.Crim.App.1980), *appeal reinstated, Garcia v. State,* 601 S.W.2d 369 (Tex.Crim.App.1980).

■ The fact that psychiatric examinations are ordered by a court does not constitute a determination that an issue as to the defendant's competency exists. *Gardner v. State,* 733 S.W.2d 195 (Tex.Crim.App.1987). Only when the requirements of 46.02 § 2 are met is the judge required "to measure the propriety of impaneling a jury to determine present competency to stand trial." *Sisco v. State,* 599 S.W.2d 607, 610 (Tex.Crim.App. 1980).

■ Further, a psychiatric examination, in and of itself, does not constitute a determination that an issue of competency exists. *Koehler v. State,* 830 S.W.2d 665, 667 (Tex. App.—San Antonio 1992). Even a judicial finding that a person is mentally ill does not constitute a determination of a person's mental competency to stand trial. *Levya v. State,* 552 S.W.2d 158, 160 (Tex.Crim.App. 1977).

The trial court ordered a psychiatric evaluation to determine if appellant was competent to stand trial. The court-ordered examination results were then filed with the court. The competency evaluation explains appellant's background, her family history, and appellant's version of her own medical history. Appellant was depressed over her husband's infidelity. She was seeing Dr. Donovan for counseling. She had attempted suicide, and explained that she is addicted to amphetamines.

The examiner, Julia B. Spears, Ph.D., found appellant to be competent to stand trial. Appellant was described as follows:

> [Appellant] was able to list all of the components of the court except the jury. She was able to give a good description of their functions. She said that her responsibility as defendant was to be honest; tell my lawyer. She said that her lawyer's responsibility was 'to defend her' and that the other lawyer's responsibility was to 'accuse her me.' She said that the jury's responsibility was 'to decide whether your guilty or not.' She said that the judge's responsibility was to 'keep order; read the decision, he gives you the sentence.'

The examiner found appellant "has sufficient present ability to consult with her lawyer with a reasonable degree of rational understanding of the proceedings against her." The examiner stated "[i]n my opinion, she is competent to stand trial."

■ Proceedings under the Texas Probate Code appointing guardians of persons of unsound mind and proceedings under the Texas Code of Criminal Procedure determining legal competence to stand trial are unrelated and have different purposes. Guardianship proceedings are designed to protect a person who is, for any reason, mentally incapable of taking care of himself or his property. Tex.Prob.Code Ann. § 114 (Vernon 1980); *Koehler,* 830 S.W.2d at 666. The trial court did not err in failing to empanel a competency jury and proceed to trial because the probate court's order determining appellant's competency to manage her affairs is not a prima facie showing of her incompetency to stand trial on the murder charge.

■ Appellant also relies on her Notice of Intent to Offer Evidence of the Insanity Defense as evidence raising incompetency. Appellant is mistaken. A motion raising the insanity defense is not evidence of incompetency to stand trial. "The defense of insanity at the time of the offense ... and the test for incompetency to stand trial ... are wholly distinct issues with no common elements. Furthermore, to the extent that both issues are concerned with the mental status of the person, they are concerned with that status at different times." *Graham v. State*, 566 S.W.2d 941, 954 (Tex.Crim.App.1978) (citations omitted). There was no evidence of appellant's incompetency to stand trial presented to the trial court. Therefore, the trial court did not err in failing to empanel a jury to determine appellant's competency to stand trial.

Appellant's first and second points of error are overruled.

### Charge

■ In her third point of error, appellant complains that the charge of the court did not comply with art. 46.03 § 1 of the Texas Code of Criminal Procedure. Appellant failed to set forth the portion of the charge about which she is complaining. This is in violation of Tex.R.App.P 74(f). Further, the appellant has failed to support her assertion with legal argument and authority. This point of error is not properly briefed. Finally, this point of error was not preserved in the trial court for review. TEX.R.APP.P. 52. The appellant did not raise this objection to the charge at trial. Appellant made a no evidence objection to submission of the charge on voluntary intoxication. Appellant made no other objections to the charge. Therefore, appellant failed to preserve the issue for review. TEX.CODE CRIM.PROC. 36.14 (Vernon 1981); *Woods v. State*, 516 S.W.2d 667, 670 (Tex.Crim.App.1974).

Appellant's third point of error is overruled.

■ Appellant also asserts in her seventh point of error that the charge on voluntary intoxication was not supported by the evidence.

The jury was charged in pertinent part as follows:

You are instructed that under our law voluntary intoxication does not constitute a defense to the commission of crime. For the purpose of this law, intoxication means a disturbance of mental or physical capacity resulting from the voluntary introduction of any substance into the body.

This charge mirrors the statutory provision in the Texas Penal Code. Section 8.04 provides in pertinent part:

a) Voluntary intoxication does not constitute a defense to the commission of crime.

. . . .

d) For purposes of this section "intoxication" means disturbance of mental or physical capacity resulting from the introduction of any substance into the body.

TEX. PENAL CODE ANN. § 8.04(a) & (d) (Vernon 1974).

At trial the defense called three experts regarding appellant's mental condition. The first expert was Dr. Julia Spears who was appointed by the court to conduct an evaluation of the appellant for competency and sanity. After reviewing appellant's medical records, Dr. Spears came to the conclusion that appellant was legally insane at the time of the offense. Appellant's treating psychiatrist had recently decreased her dosage of amphetamines and Dr. Spears believed the appellant was going through withdrawal.

Dr. Raymond Potterf testified that he was appointed by the probate court to evaluate appellant for a proceeding unrelated to the instant case. Dr. Potterf related to the probate court that appellant was insane at the time she killed her husband. Dr. Potterf explained that appellant was taking Cylert and Dexecrine Sulfate, two medications which in combination can precipitate a temporary psychosis with paranoid symptoms. Dr. Potterf related that the Cyclert was prescribed by her husband and the other drugs by a physician. Appellant took anti-depressants prescribed by another physician. Potterf also discussed appellant ingesting alcohol in combination with the drugs, which resulted in previous hospitalizations.

Dr. Potterf further explained that appellant was suffering from poly-substance abuse and psychosis. According to Dr. Potterf, Poly substance means "many materials" and includes the use of several combinations of substances including prescription medications and legal or illegal drugs. This can cause an effect that is different than using any one of them separately. Also, Dr. William B. Donovan testified that appellant was being treated for a schizophrenic disorder complicated by alcoholism and marital maladjustment. Dr. Donovan testified that appellant's husband, a pediatrician, prescribed psychiatric energizers for her. Appellant's husband also prescribed "Prozac" for her, two weeks before his death, and had been putting "Haldol" into appellant's vodka.

█ Appellant presented evidence at the guilt-innocence stage of trial that she was insane at the time of the offense, and this state of insanity was exacerbated by her abuse of prescription drugs and alcohol. Where both parties focus on a drug induced psychosis and the evidence presented a disputed issue as to whether the prescriptions were taken by the defendant in an abusive manner, charging the jury that voluntary intoxication producing insanity was no defense is not error. *Arnold v. State*, 742 S.W.2d 10, 14 (Tex.Crim.App.1987); *Rodriguez v. State*, 513 S.W.2d 594, 595 (Tex.Crim. App.1974); *Witherspoon v. State*, 671 S.W.2d 143, 144 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd); *Dominguez v. State*, 661 S.W.2d 759, 762 (Tex.App.—El Paso 1983, pet. ref'd). Appellant's seventh point of error is overruled.

**Informing Jury of Effect of its Answers**

█ Appellant asserts in her fourth point of error that reversible error occurred when the State informed the jury of the consequences to the defendant if a verdict of not guilty by reason of insanity was returned.

Appellant alleges that during the voir dire examination of Leonor Pacheco, the State informed the jury of the consequences to the appellant of a verdict of not guilty by reason of insanity. The comment in question is set forth below:

Q. (Prosecutor) You understand that there have been people found to be insane at the time they commit an offense?

A. Yes, I understand that.

Q. And those people get sent, you know, to a mental institution. Okay? That is how we deal with those kind of people. So, it does happen.

A. Yes.

Mr. Hernandez: We'll object again. Approach the bench, please?

Outside the presence and hearing of the jury, the State was instructed by the trial court that they may not tell the jury what happens after the verdict. Appellant did not ask for an instruction to disregard or move for mistrial. Therefore, any objection is waived. *Nethery v. State*, 692 S.W.2d 686, 701 (Tex. Crim.App.1985). This was an isolated instance with one prospective juror. The juror this comment was addressed to was not seated on the jury. Appellant's fourth point of error is overruled.

**Court Ordered Psychiatric Examination**

█ In her fifth point of error, appellant asserts that the trial court was without authority to appoint Dr. Ross Taylor to examine the defendant regarding insanity because the defense motion was filed after the trial court's appointment. Appellant further argues in her sixth point of error that Dr. Taylor's written report of insanity examination of appellant should not have been admitted into evidence.

Appellant relies on the fact that her "Notice of Intent to Raise the Insanity Defense" was filed after the trial court appointed Dr. Ross to examine her. However, appellant also filed a Motion for Psychiatric Evaluation on October 26, 1992, alleging that she was insane at the time of the offense. The trial court appointed Dr. Taylor on November 3, 1992 on appellant's motion. There is no support in the record that the trial court was without authority to appoint a disinterested expert or abused its discretion in appointing the expert. Tex.R.App.P. 50, 52.

Moreover, appellant has failed to show harm in having the court appointed expert examine her. She presented an insanity de-

fense through the testimony of Dr. Raymond Potterf, Dr. Julia Spears and the documents introduced. Therefore, appellant has failed to demonstrate how she was harmed by the appointment of an examiner to evaluate her when she presented an insanity defense.

■ Appellant's claim that Dr. Ross Taylor's report is inadmissible is likewise without merit. The trial court did not abuse its discretion in appointing Dr. Taylor to examine appellant. Therefore, assuming there are no other evidentiary objections, his report is admissible.

### Ineffective Assistance of Counsel

Appellant complains in her eighth point of error that she did not receive the effective assistance of counsel.

■ Allegations of ineffective assistance of counsel must be firmly founded in the record; moreover, the burden is on the appellant to demonstrate ineffective assistance of counsel. *Johnson v. State,* 614 S.W.2d 148 (Tex.Crim.App.1981); *Simmons v. State,* 594 S.W.2d 760 (Tex.Crim.App. 1980). In reviewing claims of ineffective assistance of counsel, the standard to be applied is whether an accused received "reasonably effective" assistance. *Brewer v. State,* 649 S.W.2d 628 (Tex.Crim.App.1983); *Ex Parte Gallegos,* 511 S.W.2d 510 (Tex.Crim. App.1974). The sufficiency of assistance is to be gauged by the totality of representation, and the fact that another attorney may have pursued a different tactic at trial is insufficient to prove a claim of ineffective assistance of counsel. *King v. State,* 649 S.W.2d 42 (Tex.Crim.App.1983). Isolated instances of error on the part of trial counsel will not support a claim of ineffective assistance of counsel. *Archie v. State,* 615 S.W.2d 762 (Tex.Crim.App.1981); *Riles v. State,* 595 S.W.2d 858 (Tex.Crim.App.1980); *Earvin v. State,* 582 S.W.2d 794 (Tex.Crim.App.1979).

The applicable standard for ascertaining whether an accused has received "effective assistance of counsel" has been defined by the Supreme Court of the United States. In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court elaborated on how the various appellate courts, who face the issue, are to determine whether counsel has rendered "effective assistance of counsel" to his client.

The *Strickland* test has been expressly adopted by the Texas Court of Criminal Appeals. *See Holland v. State,* 761 S.W.2d 307 (Tex.Crim.App.1988), *cert. den.* 489 U.S. 1091, 109 S.Ct. 1560, 103 L.Ed.2d 863 (1989); *Hernandez v. State,* 726 S.W.2d 53 (Tex. Crim.App.1986). Under *Strickland,* a two-pronged test is utilized to determine the question of whether counsel rendered effective assistance. First, appellant must demonstrate that counsel's representation was deficient and not reasonably effective. Second, appellant must show that the deficient performance prejudiced him. *Strickland,* 466 U.S. at 686–88, 104 S.Ct. at 2064.

Appellant asserts that trial counsel was ineffective for failing to file pretrial motions to suppress illegally obtained evidence. Appellant specifically refers to the testimony and report of Dr. Taylor being erroneously admitted. We have already addressed the issue of Dr. Taylor's examination and report and found the complaint without merit. Likewise, appellant's argument that counsel was ineffective for not having objected to the examination, testimony and report is unavailing.

■ Appellant further complains that trial counsel was inadequate because the State had more witnesses than the defense, and trial counsel was inadequately prepared. Appellant fails to state what witnesses were available for trial that were not interviewed and what these witnesses would have testified to. A failure to call witnesses at the guilt punishment stages of trial is irrelevant absent a showing that such witnesses were available and the defendant would benefit from their testimony. *King v. State,* 649 S.W.2d 42, 44 (Tex.Crim.App.1983). Furthermore, when an appellant fails to indicate to the appellate court other defenses he may have had, the court cannot second guess the trial strategy employed by trial counsel, and the fact that another attorney may employ different tactics is insufficient to support a claim of ineffective assistance of counsel. *Martin v. State,* 623 S.W.2d 391 (Tex.Crim. App.1981).

■ Appellant complains that trial counsel was inadequate for failing to explain the law of eligibility of probation. The basis for appellant's complaint is that the appellant's counsel filed an application for adult probation even though probation was not available because appellant was indicted for murder, and the court would assess punishment.

■ Ordinarily the two-prong test of *Strickland v. Washington* would apply. However, because appellant's complaint concerns the punishment phase of the trial, we use a different standard and measure the sufficiency of the attorney's assistance by the totality of the representation of the accused. *Ex Parte Duffy*, 607 S.W.2d 507 (Tex.Crim. App.1980); *Ex Parte Cruz*, 739 S.W.2d 53 (Tex.Crim.App.1987).

■ In the present case the appellant was indicted for murder which is excluded from the offenses for which the court can suspend sentence and place an offender on community supervision. TEX.CODE CRIM. PROC.ANN. art. 42.12 § 3g(a)(1)(A) (Vernon Supp.1994). Although the filing of such a motion is erroneous, there is no evidence that the defense counsel was operating under the fundamental misunderstanding of the trial court's ability to grant probation following the jury's finding of guilt. Appellant's counsel did not argue to the court that appellant should receive probation, nor is there any evidence that counsel predicated its whole defense on the hope of receiving probation. *See Recer v. State*, 785 S.W.2d 430 (Tex. App.—Houston [14th Dist.] 1990, no pet.); *Turner v. State*, 755 S.W.2d 207 (Tex.App.— Houston [14th Dist.] 1988, no pet.). The mere filing of a pre-trial motion for probation when probation is unavailable does not, in itself, constitute ineffective assistance of counsel. *See Turcio v. State*, 791 S.W.2d 188, 189 (Tex.App.—Houston [14th Dist.] 1990). When viewing the totality of the appellant's representation we do not find the trial counsel's performance was deficient.

■ Appellant also complains that her counsel's preparation for trial was inadequate because counsel was doing "last minute" filings. Other than making a broad statement appellant has failed to show how she was injured by the "last minute" filings. Appellant also fails to identify what pretrial motions appellant's counsel should have filed and how those motions would have been meritorious. *See Gallegos v. State*, 754 S.W.2d 485 (Tex.App.—Houston [1st Dist.] 1986, no pet.).

■ Appellant complains of trial counsel's voir dire of the prospective jurors. Appellant alleges that trial counsel did not discuss the burden of proof, reasonable doubt, victims of crime, connection with law enforcement, range of punishment or probation. Appellant argues that trial counsel failed to challenge biased veniremen.

This complaint is lacking. There are no references to the record, there is no argument and only one case is cited. Furthermore, Appellant fails to show how she was harmed by the alleged failure of counsel in conducting voir dire. The record on appeal does not contain a jury list or any other designation of the seated members of the venire. This list is not in the transcript. It is the appellant's burden to see that a sufficient record is presented to show error requiring reversal. TEX.R.APP.P. 50(d). Appellant has failed to do this.

■ Appellant also complains that counsel was ineffective for failing to cross examine several of the state's witnesses. Again, the appellant fails to explain how the decision not to cross-examine several of the State's witnesses was harmful. The decision whether or not to cross-examine witnesses is a matter of trial strategy. *See Strickland*, 466 U.S. at 697–99, 104 S.Ct. at 2070. The appellant's strategy in this case was to pursue an insanity defense and the case involved a "battle of the experts." It is a matter of legitimate trial strategy to waive cross examination of some witnesses in order to lessen the impact of their testimony by showing the witness as being so meritless that he is not worthy of cross-examination.

■ Appellant complains that counsel was ineffective for not allowing her to testify in her own behalf. It is clear that the question of whether or not to testify on one's own behalf is ultimately to be decided by the client. *Thompson v. Wainwright*, 787 F.2d

1447, 1452 (11th Cir.1986), *cert. denied,* 481 U.S. 1042, 107 S.Ct. 1986, 95 L.Ed.2d 825 (1987). Appellant has failed to rebut the presumption that the challenged action of trial counsel was a matter of sound trial tactics and professional judgment. *Strickland,* 466 U.S. at 690–91, 104 S.Ct. at 2066.

Appellant also complains that trial counsel was ineffective for failing to object to the charge. The court has reviewed the record and notes that appellant's trial counsel did object to the trial court's inclusion of the charge on voluntary intoxication.

 Appellant lists nine instances in which trial counsel failed to object to particular exhibits. Appellant makes bare allegations in support of these claims, some with only general citations to a rule of evidence or a case cite without argument. Appellant has failed to comply with the dictates of Tex. R.App.P. 74(f) therefore her claims are not presented for appellate review. *State v. Gonzalez,* 855 S.W.2d 692, 697 (Tex.Crim. App.1993). Further, appellant has failed to present what objection should have been made, and, if made, that it would have been meritorious. *See Simms v. State,* 848 S.W.2d 754, 758 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd). Appellant has also failed to show that, but for trial counsel's failure to object, the result of the trial would have been different. *Strickland,* 466 U.S. at 690–91, 104 S.Ct. at 2066.

 In summary, appellant's assertions that she did not receive the effective assistance of counsel are either not supported by the record; were an exercise in reasonable trial strategy; or that any error by counsel did not sufficiently prejudice appellant to entitle her to a new trial. When the record is silent as to counsel's reasons for his actions and a plausible explanation exists, the appellate court should presume that trial counsel "made all significant decisions in the exercise of professional judgment." *Delrio v. State,* 840 S.W.2d 443, 447 (Tex.Crim.App. 1992). In the instant case, there is no evidence to rebut the presumption that counsel's actions were an exercise of trial strate-

gy. Therefore, we overrule appellant's eighth point of error.

The judgment is affirmed.