TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00294-CR






Martin Bradshaw, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0974657, HONORABLE JON N. WISSER, JUDGE PRESIDING






 Appellant Martin Bradshaw was certified by the juvenile court to stand trial as an
adult. A jury found appellant guilty of aggravated robbery with a deadly weapon and assessed
punishment at imprisonment for eighteen years and a $3000 fine. See Tex. Penal Code Ann.
§§ 29.02, 29.03(a)(2) (West 1994). The district court rendered judgment consistent with the
jury's verdict. Appellant contends that he was denied effective assistance of counsel and that the
district court erred by prohibiting him from cross-examining two witnesses as to intent. We will
affirm.


BACKGROUND


 Terry Aultman and Mark Heredia shared an apartment in South Austin. On June
12, 1997, around 9:00 p.m., Aultman and his girlfriend, Linda Cano, retired to his bedroom. 
They were awakened around 10:50 p.m. by Heredia, who told them that a group of unknown
persons were knocking at the door. When the knocking stopped and neither Aultman nor Heredia
could see anyone from their window, Altman and Cano returned to bed.

 A few moments later, four men forced their way into the apartment. Two of the
men, later identified as Dennis Oville and James Kellough, kicked open the door to Aultman's
bedroom. Aultman and Cano testified that Oville had a knife and Kellough had a gun. Cano
called 911, but dropped the phone when Kellough told her to do so. Kellough then ordered
Aultman out of the bedroom and onto the floor. He and Oville asked Aultman where the money
was, but Aultman testified that he had no money to give them.

 At some point Cano was told to leave Aultman's bedroom. When she entered the
dining area, she saw two more intruders. One of the men, who was later identified as Joseph
Gaines, was described by Cano as muscular and shirtless. The other, appellant, was described as
young and dressed in baggy shorts and carrying a knife.

 Kellough and Oville then went into Heredia's bedroom. Kellough found Heredia
hiding in the closet. Kellough pointed a gun in Heredia's face, ordered him to his knees, kicked
him in the face, and began tearing his bedroom apart. Heredia testified that Kellough repeatedly
asked him "Where's your money?" Heredia responded, "I don't have it. I don't have it." 
Kellough eventually took some money that was scattered around the room, including a $50 bill,
and also grabbed a cellular phone and Rolex watch.

 Outside Heredia's bedroom appellant yelled, "Let's just kill these motherf-----s!" 
Then another intruder said, "We've been here too long." At that point, all four men left the
apartment through the front door. Police officers subsequently stopped four men at a convenience
store down the street from the apartment. Aultman, Heredia, and Cano went to the convenience
store and identified the four men as the four intruders who broke into the apartment.


DISCUSSION


Ineffective Assistance

 In his first point of error, appellant contends he was denied effective assistance of
counsel in that his counsel failed (1) to make an opening statement, (2) to make a closing
statement, (3) to cross-examine five of the State's witnesses, and (4) to file a motion challenging
the jurisdiction of the district court to prosecute appellant as an adult pursuant to article 4.18(a)
of the Texas Code of Criminal Procedure. Courts of appeals measure claims of ineffective
assistance of counsel against the standard set forth in Strickland v. Washington, 466 U.S. 668, 687
(1984), and adopted in Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). The
Strickland standard requires the defendant to show both that his counsel made serious errors and
that those errors caused serious harm:


First, the defendant must show that counsel's performance was deficient. This
requires showing that counsel made errors so serious that counsel was not
functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. 
Second, the defendant must show that the deficient performance prejudiced the
defense. This requires showing that counsel's errors were so serious as to deprive
the defendant of a fair trial, a trial whose result is reliable.



Strickland, 466 U.S. at 687.

 In determining whether an appellant has satisfied the first element of the test, we
decide whether the record establishes that counsel failed to provide reasonably effective assistance. 
See id at 687-88; Hernandez, 726 S.W.2d at 55; Wilkerson v. State, 726 S.W.2d 542, 548 (Tex.
Crim. App. 1986). The appellant must demonstrate that counsel's performance was unreasonable
under the prevailing professional norms and that the challenged action was not sound trial strategy. 
See Strickland, 466 U.S. at 688; Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). 
We do not evaluate the effectiveness of counsel in hindsight, but from counsel's perspective at
trial. See Strickland, 466 U.S. at 689; Ex parte Kunkle, 852 S.W.2d 499, 505 (Tex. Crim. App.
1993); Stafford, 813 S.W.2d at 506. 

 The court of criminal appeals has explained that we presume defense counsel
provided reasonable professional assistance and the defendant must present proof to overcome this
presumption:


Under the Strickland test, the defendant bears the burden of proving ineffective
assistance. In addition, when reviewing a claim of ineffective assistance, "a court
must indulge a strong presumption that counsel's conduct falls within the wide
range of reasonable professional assistance; that is, the defendant must overcome
the presumption that, under the circumstances, the challenged action 'might be
considered sound trial strategy.'"



Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (quoting Strickland, 466 U.S. at
689); Hernandez, 726 S.W.2d at 55; O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin
1992, pet. ref'd). The standard of proof for ineffective assistance of counsel is a preponderance
of the evidence. See Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). 

 The Court notes that many of appellant's complained-of deficiencies appear from
the record to be tactical decisions. Counsel's choice not to make an opening or closing statement
when his co-defendant's counsel makes both is an inherently tactical decision that needs to be made
based on the way a trial is unfolding, (1) the trial strategy employed, the experience and judgment
of the defense attorney, and other factors. Under the facts of this case, it is not a decision that
rendered appellant's counsel's performance so deficient that he was not functioning as the
"counsel" guaranteed by the Sixth Amendment. See Strickland, 466 U.S. at 687; Taylor v. State,
947 S.W.2d 698, 704 (Tex. App.--Fort Worth 1997, pet. ref'd).

 Appellant also complains that counsel was ineffective for failing to cross-examine
several of the State's witnesses. Appellant fails to explain how the decision not to cross-examine
these witnesses was harmful. The decision whether or not to cross-examine witnesses is a matter
of trial strategy. See Strickland, 466 U.S. at 697-99; Valdes-Fuerte v. State, 892 S.W.2d 103,
111 (Tex. App.--San Antonio 1994, no pet.).

 Finally, appellant complains that counsel was ineffective for failing to file a motion 
challenging the district court's jurisdiction pursuant to article 4.18(a) of the Texas Code of
Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 4.18(a) (West Supp. 1999). Appellant
bases his argument on his assertion that the juvenile court did not waive jurisdiction under section
54.02 of the Texas Family Code. See Tex. Fam. Code Ann. § 54.02 (West 1996). (2) Review of
the record, however, reveals that the juvenile court signed a waiver of jurisdiction and order of
transfer to an appropriate criminal district court on October 29, 1997. The order was filed in the
district court that same day. Because the juvenile court properly waived jurisdiction and
transferred appellant's case to the district court, we conclude that appellant's counsel was not
deficient in failing to file a motion challenging the district court's jurisdiction pursuant to article
4.18(a). We overrule appellant's first point of error.


Confrontation Clause

 Appellant contends in his second point of error that the trial court erred by limiting 
his cross-examination of Aultman and Heredia regarding (1) the defense theory that defendants
went to the victims' apartment to reclaim money they previously paid for drugs and (2) Aultman's
and Heredia's use of drugs. "The Sixth Amendment protects the defendant's right not only to
confront the witnesses against him, but to cross-examine them as well." Hoyos v. State, 951
S.W.2d 503, 506 (Tex. App.--Houston [14th Dist.] 1997, no pet.) (citing Davis v. Alaska, 415
U.S. 308, 316 (1974)). However, the extent of cross-examination is not unlimited. The scope
of cross-examination is within the control of the trial court, who is given wide latitude to impose
reasonable limits on cross-examination. Delaware v. Van Arsdall, 475 U.S. 673, 678 (1986);
Satterwhite v. State, 499 S.W.2d 314, 317 (Tex. Crim. App. 1973). The trial court must consider
the probative value of the evidence and weigh it against the risks of admission, including "the
possibility of undue prejudice, embarrassment or harassment to either a witness or a party, the
possibility of misleading or confusing a jury, and the possibility of undue delay or waste of time." 
Hodge v. State, 631 S.W.2d 754, 758 (Tex. Crim. App. 1982). The trial court's determination
is not reversible unless the appellant shows a clear abuse of discretion. See Chambers v. State,
866 S.W.2d 9, 27 (Tex. Crim. App. 1993), cert. denied, 511 U.S. 1100 (1994); Johnson v. State,
698 S.W.2d 154, 160 (Tex. Crim. App. 1985), cert. denied, 479 U.S. 871 (1986). 

 The district court concluded that evidence regarding Aultman's and Heredia's drug
use and possible involvement in a drug transaction with the defendants was not relevant. Evidence
is relevant only if it has a tendency to make the existence of a fact or consequence more or less
probable than it would be without the evidence. See Tex. R. Evid. 401. It is no justification for
robbery that the victims were users or dealers of drugs, or that they owed money to the robber for
drugs. The taking of Aultman's and Heredia's property at knife point was still aggravated
robbery, even assuming their possession of the property was unlawful. See Tex. Penal Code
Ann. § 1.07(a)(35) (West 1994) (defining "owner").

 Moreover, even if the subject of the proposed cross-examination had some
relevance to appellant's defense, the district court could reasonably conclude that this relevance
was substantially outweighed by the danger of unfair prejudice to the complainants, confusion of
the issues, or misleading to the jury. See Tex. R. Evid. 403. Therefore, we conclude that the
district court did not abuse his discretion by prohibiting the proposed cross-examination regarding
Aultman's and Heredia's drug use and the defense theory that defendants went to the victims'
apartment to reclaim money they previously paid for drugs . Appellant's second point of error is
overruled. 





CONCLUSION


 Having overruled all of appellant's points of error, we affirm the judgment of
conviction. 



 

 Lee Yeakel, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: May 13, 1999

Do Not Publish 
1. Appellant and three other defendants were tried together before a jury.
2. Appellant was sixteen at the time of the offense.



venile court signed a waiver of jurisdiction and order of
transfer to an appropriate criminal district court on October 29, 1997. The order was filed in the
district court that same day. Because the juvenile court properly waived jurisdiction and
transferred appellant's case to the district court, we conclude that appellant's counsel was not
deficient in failing to file a motion challenging the district court's jurisdiction pursuant to article
4.18(a). We overrule appellant's first point of error.


Confrontation Clause

 Appellant contends in his second point of error that the trial court erred by limiting 
his cross-examination of Aultman and Heredia regarding (1) the defense theory that defendants
went to the victims' apartment to reclaim money they previously paid for drugs and (2) Aultman's
and Heredia's use of drugs. "The Sixth Amendment protects the defendant's right not only to
confront the witnesses against him, but to cross-examine them as well." Hoyos v. State, 951
S.W.2d 503, 506 (Tex. App.--Houston [14th Dist.] 1997, no pet.) (citing Davis v. Alaska, 415
U.S. 308, 316 (1974)). However, the extent of cross-examination is not unlimited. The scope
of cross-examination is within the control of the trial court, who is given wide latitude to impose
reasonable limits on cross-examination. Delaware v. Van Arsdall, 475 U.S. 673, 678 (1986);
Satterwhite v. State, 499 S.W.2d 314, 317 (Tex. Crim. App. 1973). The trial court must consider
the probative value of the evidence and weigh it against the risks of admission, including "the
possibility of undue prejudice, embarrassment or harassment to either a witness or a party, the
possibility of misleading or confusing a jury, and the possibility of undue delay or waste of time." 
Hodge v. State, 631 S.W.2d 754, 758 (Tex. Crim. App. 1982). The trial court's determination
is not reversible unless the appellant shows a clear abuse of discretion. See Chambers v. State,
866 S.W.2d 9, 27 (Tex. Crim. App. 1993), cert. denied, 511 U.S. 1100 (1994); Johnson v. State,
698 S.W.2d 154, 160 (Tex. Crim. App. 1985), cert. denied, 479 U.S. 871 (1986). 

 The district court concluded that evidence regarding Aultman's and Heredia's drug
use and possible involvement in a drug transaction with the defendants was not relevant. Evidence
is relevant only if it has a tendency to make the existence of a fact or consequence more or less
probable than it would be without the evidence. See Tex. R. Evid. 401. It is no justification for
robbery that the victims were users or dealers of drugs, or that they owed money to the robber for
drugs. The taking of Aultman's and Heredia's property at knife point was still aggravated
robbery, even assuming their possession of the property was unlawful. See Tex. Penal Code
Ann. § 1.07(a)(35) (West 1994) (defining "owner").

 Moreover, even if the subject of the proposed cross-examination had some
relevance to appellant's defense, the district court could reasonably conclude that this relevance
was substantially outweighed by the danger of unfair prejudice to the complainants, confusion of
the issues, or misleading to the jury. See Tex. R. Evid. 403. Therefore, we conclude that the
district court did not abuse his discretion by prohibiting the proposed cross-examination regarding
Aultman's and Heredia's drug use and the defense theory that defendants went to the victims'
apartment to reclaim money they previously paid for drugs . Appellant's second point of error is
overruled. 





CONCLUSION