TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00293-CR






Joseph Gaines, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0974657, HONORABLE JON N. WISSER, JUDGE PRESIDING







 A jury found appellant Joseph Gaines guilty of aggravated robbery with a deadly
weapon. See Tex. Penal Code Ann. §§ 29.02, 29.03(a)(2) (West 1994). The district court
assessed punishment at imprisonment for twenty years and a $3000 fine. Appellant contends (1)
that the district court erred by prohibiting him from cross-examining a witness as to appellant's
identity, (2) that he was denied effective assistance of counsel, and (3) that in reviewing his
ineffective assistance of counsel claim, this Court should apply the harmless error test under Rule
44.2(a) of the Texas Rules of Appellate Procedure. We will affirm.

 

BACKGROUND


 Terry Aultman and Mark Heredia shared an apartment in South Austin. On June
12, 1997, around 9:00 p.m., Aultman and his girlfriend, Linda Cano, retired to his bedroom. 
They were awakened around 10:50 p.m. by Heredia, who told them that a group of unknown
persons were knocking at the door. When the knocking stopped and neither Aultman nor Heredia
could see anyone from the window, Altman and Cano returned to bed.

 A few moments later, four men forced their way into the apartment. Two of the
men, later identified as Dennis Oville and James Kellough, kicked open the door to Aultman's
bedroom. Aultman and Cano testified that Oville had a knife and Kellough had a gun. Cano
called 911, but dropped the phone when Kellough told her to do so. Kellough then ordered
Aultman out of the bedroom and onto the floor. He and Oville asked Aultman where the money
was, but Aultman testified that he had no money to give them.

 At some point Cano was told to leave Aultman's bedroom. When she entered the
dining area, she saw two more intruders. One of the men, who was later identified as appellant,
was described by Cano as muscular and shirtless. The other, Martin Bradshaw, was described as
young and dressed in baggy shorts. He too carried a knife.

 Kellough and Oville then went into Heredia's bedroom. Kellough found Heredia
hiding in the closet. Kellough pointed a gun in Heredia's face, ordered him to his knees, kicked
him in the face, and began tearing his bedroom apart. Heredia testified that Kellough repeatedly
asked him "Where's your money?" Heredia responded, "I don't have it. I don't have it." 
Kellough eventually took some money that was scattered around the room, including a $50 bill,
and also grabbed a cellular phone and Rolex watch.

 Outside Heredia's bedroom Bradshaw yelled, "Let's just kill these motherf-----s!" 
Then another intruder said, "We've been here too long." At that point, all four men left the
apartment through the front door. Police officers subsequently stopped four men at a convenience
store down the street from the apartment. Aultman, Heredia, and Cano went to the convenience
store and identified the four men as the four intruders who broke into the apartment.


DISCUSSION


Confrontation Clause

 In his first three issues, appellant contends that the district court denied his right
to confrontation under the Sixth Amendment of the United States Constitution by prohibiting him
from cross-examining a complaining witnesses regarding identity. Specifically, he argues that the
district court erred by preventing him from questioning Heredia about his initial belief that another
individual, Christopher Linney, might have been involved in the robbery.

 "The Sixth Amendment protects the defendant's right not only to confront the
witnesses against him, but to cross-examine them as well." Hoyos v. State, 951 S.W.2d 503, 506
(Tex. App.--Houston [14th Dist.] 1997, no pet.) (citing Davis v. Alaska, 415 U.S. 308, 316
(1974)). However, the extent of cross-examination is not unlimited. The scope of cross-examination is within the control of the trial court, who is given wide latitude to impose reasonable
limits on cross-examination. Delaware v. Van Arsdall, 475 U.S. 673, 678 (1986); Satterwhite v.
State, 499 S.W.2d 314, 317 (Tex. Crim. App. 1973). The trial court must consider the probative
value of the evidence and weigh it against the risks of admission, including "the possibility of
undue prejudice, embarrassment or harassment to either a witness or a party, the possibility of
misleading or confusing a jury, and the possibility of undue delay or waste of time." Hodge v.
State, 631 S.W.2d 754, 758 (Tex. Crim. App. 1982). The trial court's determination is not
reversible unless the appellant shows a clear abuse of discretion. See Chambers v. State, 866
S.W.2d 9, 27 (Tex. Crim. App. 1993), cert. denied, 511 U.S. 1100 (1994); Johnson v. State, 698
S.W.2d 154, 160 (Tex. Crim. App. 1985), cert. denied, 479 U.S. 871 (1986). 

 Appellant sought to cross-examine Heredia regarding his sworn statement to police 
that he suspected Christopher Linney of being involved in the commission of the robbery. He
claims this evidence was relevant to show Heredia was robbed by someone other than appellant,
who had been to Heredia's apartment before and knew that Heredia was involved in dealing drugs. 
The district court concluded the evidence was not relevant. 

 Evidence is relevant only if it has a tendency to make the existence of a fact or
consequence more or less probable than it would be without the evidence. See Tex. R. Evid. 401. 
Heredia's suspicion that Christopher Linney might have been involved in the robbery has no
bearing on whether appellant was one of the four intruders who robbed Aultman and Heredia. 
Moreover, even if the subject of the proposed cross-examination had some relevance to appellant's
defense, the district court could reasonably conclude that this relevance was substantially
outweighed by the danger of unfair prejudice to the complainants, confusion of the issues, or
misleading to the jury. See Tex. R. Evid. 403. Therefore, we conclude that the district court did
not abuse his discretion by prohibiting the proposed cross-examination regarding Heredia's belief
that Christopher Linney was involved in the robbery. The contentions raised in appellant's first
three issues are overruled.


Ineffective Assistance

 In issues four and five, appellant contends that he was denied effective assistance
of counsel in that his counsel failed to (1) make an opening statement, (2) make a final argument,
(3) cross-examine three of the State's witnesses, and (4) preserve error on an erroneous denial of
a challenge for cause in voir dire. Appellant asserts in issue six that courts of appeals reviewing
an ineffective assistance of counsel claim should apply the harmless error standard provided in
Rule 44.2(a) of the Texas Rules of Appellate Procedure instead of that established by Strickland
v. Washington, 466 U.S. 668 (1984). Specifically, appellant argues that the Strickland standard
provides only the minimum protection under the Sixth Amendment to the United States
Constitution, while Rule 44.2(a) provides greater protection. Because states may provide greater
legal protection than the United States Constitution mandates, appellant asserts, this Court should
apply the harmless error standard in Rule 44.2(a) rather than the Strickland standard. 

 Courts of appeals measure claims of ineffective assistance of counsel against the
standard set forth in Strickland, 466 U.S. at 687, and adopted in Hernandez v. State, 726 S.W.2d
53, 57 (Tex. Crim. App. 1986). The Strickland standard requires the defendant to show both that
his counsel made serious errors and that those errors caused serious harm:


First, the defendant must show that counsel's performance was deficient. This
requires showing that counsel made errors so serious that counsel was not
functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. 
Second, the defendant must show that the deficient performance prejudiced the
defense. This requires showing that counsel's errors were so serious as to deprive
the defendant of a fair trial, a trial whose result is reliable.



Strickland, 466 U.S. at 687.

 In determining whether an appellant has satisfied the first element of the test, we
decide whether the record establishes that counsel failed to provide reasonably effective assistance. 
See id. at 687-88; Hernandez, 726 S.W.2d at 55; Wilkerson v. State, 726 S.W.2d 542, 548 (Tex.
Crim. App. 1986). The appellant must demonstrate that counsel's performance was unreasonable
under the prevailing professional norms and that the challenged action was not sound trial strategy. 
See Strickland, 466 U.S. at 688; Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). 
We do not evaluate the effectiveness of counsel in hindsight, but from counsel's perspective at
trial. See Strickland, 466 U.S. at 689; Ex parte Kunkle, 852 S.W.2d 499, 505 (Tex. Crim. App.
1993); Stafford, 813 S.W.2d at 506. 

 The court of criminal appeals has explained that we presume defense counsel
provided reasonable professional assistance and the defendant must present proof to overcome this
presumption:


Under the Strickland test, the defendant bears the burden of proving ineffective
assistance. In addition, when reviewing a claim of ineffective assistance, "a court
must indulge a strong presumption that counsel's conduct falls within the wide
range of reasonable professional assistance; that is, the defendant must overcome
the presumption that, under the circumstances, the challenged action 'might be
considered sound trial strategy.'"



Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (quoting Strickland, 466 U.S. at
689); Hernandez, 726 S.W.2d at 55; O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin
1992, pet. ref'd). The standard of proof for ineffective assistance of counsel is a preponderance
of the evidence. See Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985).

 We note that many of appellant's complained-of deficiencies appear from the record
to be tactical decisions. Counsel's choice not to make an opening and closing statement when his
co-defendant's counsel made both is an inherently tactical decision that needs to be made based
on the way a trial is unfolding, (1) the trial strategy employed, the experience and judgment of the
defense attorney, and other factors. Under the facts of this case, it is not a decision that rendered
appellant's counsel's performance so deficient that he was not functioning as the "counsel"
guaranteed by the Sixth Amendment. See Strickland, 466 U.S. at 687; Taylor v. State, 947
S.W.2d 698, 704 (Tex. App.--Fort Worth 1997, pet. ref'd). 

 Appellant also complains that counsel was ineffective for failing to cross-examine
several of the State's witnesses. Appellant fails to explain how the decision not to cross-examine
these witnesses was harmful. The decision whether to cross-examine witnesses is a matter of trial
strategy. See Strickland, 466 U.S. at 697-99; Valdes-Fuerte v. State, 892 S.W.2d 103, 111 (Tex.
App.--San Antonio 1994, no pet.). 

 With regard to counsel's failure to name and object to the juror on whom he would
have used a peremptory strike had the trial court not refused to strike a potential juror for cause,
we conclude once again that this decision was within the realm of sound trial strategy. Counsel
may have decided that it was preferable not to object than to call attention to the fact that he
desired to strike an additional juror. Such a tactic is a strategic choice, and we do not question
it on appeal. Without any evidence in the record regarding the reasoning behind the attorney's
actions, we cannot say that the representation appellant received was deficient under the Strickland
test. See Jackson v. State, 877 S.W.2d 768, 772 (Tex. Crim. App. 1994).

 Given the record before us, we hold that appellant has failed to show trial counsel's
overall performance was deficient. See Holland v. State, 761 S.W.2d 307, 320 (Tex. Crim. App.
1988). Because appellant failed to show that his counsel made serious errors, we need not address
appellant's argument regarding the appropriate harm analysis to be applied. The contentions
raised in appellant's three remaining issues are overruled.


CONCLUSION


 Having overruled the contentions raised in all of appellant's issues, we affirm the
judgment of conviction.



 

 Lee Yeakel, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: May 13, 1999

Do Not Publish
1. Appellant and three other defendants were tried together before a jury.



e Strickland, 466 U.S. at 689; Ex parte Kunkle, 852 S.W.2d 499, 505 (Tex. Crim. App.
1993); Stafford, 813 S.W.2d at 506. 

 The court of criminal appeals has explained that we presume defense counsel
provided reasonable professional assistance and the defendant must present proof to overcome this
presumption:


Under the Strickland test, the defendant bears the burden of proving ineffective
assistance. In addition, when reviewing a claim of ineffective assistance, "a court
must indulge a strong presumption that counsel's conduct falls within the wide
range of reasonable professional assistance; that is, the defendant must overcome
the presumption that, under the circumstances, the challenged action 'might be
considered sound trial strategy.'"



Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (quoting Strickland, 466 U.S. at
689); Hernandez, 726 S.W.2d at 55; O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin
1992, pet. ref'd). The standard of proof for ineffective assistance of counsel is a preponderance
of the evidence. See Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985).

 We note that many of appellant's complained-of deficiencies appear from the record
to be tactical decisions. Counsel's choice not to make an opening and closing statement when his
co-defendant's counsel made both is an inherently tactical decision that needs to be made based
on the way a trial is unfolding, (1) the trial strategy employed, the experience and judgment of the
defense attorney, and other factors. Under the facts of this case, it is not a decision that rendered
appellant's counsel's performance so deficient that he was not functioning as the "counsel"
guaranteed by the Sixth Amendment. See Strickland, 466 U.S. at 687; Taylor v. State, 947
S.W.2d 698, 704 (Tex. App.--Fort Worth 1997, pet. ref'd). 

 Appellant also complains that counsel was ineffective for failing to cross-examine
several of the State's witnesses. Appellant fails to explain how the decision not to cross-examine
these witnesses was harmful. The decision whether to cross-examine witnesses is a matter of trial
strategy. See Strickland, 466 U.S. at 697-99; Valdes-Fuerte v. State, 892 S.W.2d 103, 111 (Tex.
App.--San Antonio 1994, no pet.). 

 With regard to counsel's failure to name and object to the juror on whom he would
have used a peremptory strike had the trial court not refused to strike a potential juror for cause,
we conclude once again that this decision was within the realm of sound trial strategy. Counsel
may have decided that it was preferable not to object than to call attention to the fact that he
desired to strike an additional juror. Such a tactic is a strategic choice, and we do not question
it on appeal. Without any evidence in the record regarding the reasoning behind the attorney's
actions, we cannot say that the representat