NO. 07-01-0369-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 20, 2002

_____

CAROLYN MITCHELL SALDANA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B13434-9906; HONORABLE ED SELF, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

By this appeal, appellant Carolyn Mitchell Saldana challenges the trial court's judgment revoking her probation for unauthorized absence from a correctional facility and imposing a sentence of two years confinement in a state jail facility and a fine of $1,000. By one point of error, appellant contends she was denied effective assistance of counsel when her attorney: (a) failed to investigate or present an existing affirmative defense to the

allegations in the State's motion to revoke probation; and (b) failed to prevent her from being called by the State as a witness during the hearing on the State's motion to revoke probation. Based upon the rationale expressed herein, we affirm.

Pursuant to a guilty plea for the offense of unauthorized absence from a correctional facility, on April 3, 2000, appellant was sentenced to two years in a state jail facility and a $1,000 fine, suspended for five years of community supervision. On July 17, 2001, the State filed a motion to revoke community supervision asserting that appellant (1) failed to pay restitution, court costs, supervision fees, and her fine, (2) failed to complete community service, (3) failed to attend adult graduation equivalency diploma (GED) classes, (4) failed to take the GED within one year, and (5) failed to pay her Crime Stoppers fee. Appellant signed a stipulation of evidence and after being admonished by the trial court, plead true to violating the above-mentioned conditions of community supervision, and testified at the revocation hearing. The trial court granted the State's motion to revoke and assessed a sentence of two years confinement in a state jail facility and a $1,000 fine.

When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion. Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that appellant violated a condition of community supervision. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). Although one

2

sufficient ground for revocation supports the trial court's order, Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980), a plea of true standing alone is sufficient to support the trial court's revocation order. Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. 1979).

Appellant signed a stipulation of evidence admitting that the allegations in the motion to revoke were true and correct. Although appellant contends in her brief that counsel was ineffective and unprofessional in convincing her to enter a plea of true, the record does not support that allegation. Chetwood v. State, 31 S.W.3d 368, 371 (Tex.App.–San Antonio 2000, pet. ref'd). The record shows that the trial court questioned appellant regarding her plea of true as follows:

> The Court: Now, has anyone forced you to plead true?
> The Defendant: No, sir.
> The Court: Has anyone promised you anything to get you to plead true?
> The Defendant: No, sir.
> The Court: Has anyone threatened you, intimidated you, or made you plead true, when you didn't want to?
> The Defendant: No, sir.
> The Court: Are you pleading true because those allegations are true, and for no other reason?
> The Defendant: Yes, sir.

Accordingly, the stipulation of evidence and her voluntary plea of true are each sufficient to support the trial court's revocation order. Nevertheless, we will examine appellant's ineffective assistance claims.

By her contentions, appellant argues her trial counsel was ineffective by failing to investigate and present the affirmative defense of inability to pay, and by allowing her to be called by the State to testify at the revocation hearing. We disagree. Although a probation revocation hearing is administrative in nature, a probationer has the right to reasonably effective counsel. Hill v. State, 480 S.W.2d 200, 202-03 (Tex.Cr.App. 1971), *cert. denied*, 409 U.S. 1078, 93 S.Ct. 694, 34 L.Ed.2d 667 (1972). Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant claiming ineffective assistance of counsel must establish that (1) counsel's performance was deficient (*i.e.*, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome. Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986).

The adequacy of defense counsel's assistance is based upon the totality of the representation rather than by isolated acts or omissions of trial counsel. Garcia v. State, 887 S.W.2d 862, 880 (Tex.Cr.App. 1994), *cert. denied*, 514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995). Although the constitutional right to counsel ensures the right to reasonably effective counsel, it does not guarantee errorless counsel whose competency or accuracy of representation is to be judged by hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Cr.App. 1984); *see also* Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App.

4

1993).  A strong presumption exists that defense counsel's conduct falls within a wide range of reasonable representation.  *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2064, 80 L.Ed.2d at 695; Dewberry v. State, 4 S.W.3d 735, 757 (Tex.Cr.App. 1999), *cert. denied*, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000).  To sustain a challenge of ineffective assistance, it must be firmly founded in the record, Mercado v. State, 615 S.W.2d 225, 228 (Tex.Cr.App. 1981), and the defendant must overcome the presumption that counsel's conduct might be considered sound trial strategy.  Jackson v. State, 877 S.W.2d 768, 771 (Tex.Cr.App. 1994).  After proving error, a defendant must also affirmatively demonstrate prejudice.  *Garcia*, 887 S.W.2d at 880.  Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.  *Id*.

By her first allegation, appellant asserts trial counsel was ineffective for failing to assert inability to pay as an affirmative defense to the allegation contained in the State's motion to revoke.  Relying on article 42.12, section 21(c) of the Texas Code of Criminal Procedure, the State argues this defense was not available to appellant at the revocation hearing because it was not the only ground alleged for revocation.  The statute provides:

> In a community supervision revocation hearing at which it is alleged *only* that the defendant violated the conditions of community supervision by failing to pay compensation paid to appointed counsel, community supervision fees, court costs, restitution, or reparations, the inability of the defendant to pay as ordered by the judge is an affirmative defense to revocation, which the defendant must prove by a preponderance of evidence.

5

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c) (Vernon Supp. 2002). (Emphasis added). When failure to pay fees and costs is an issue at a revocation hearing, inability to pay is an affirmative defense which must be raised and proved by a preponderance of evidence regardless of whether it is the *only* ground upon which revocation is sought. (Emphasis added). *See* Stanfield v. State, 718 S.W.2d 734, 737 (Tex.Cr.App. 1986) (construing the word "only" in the statute).

Appellant's stipulation of evidence was sufficient to support revocation on at least three other grounds alleged by the State (*i.e.*, failure to complete community supervision, failure to attend GED classes, and failure to take the GED within one year); thus, the affirmative defense of inability to pay would have been futile. *Moore*, 605 S.W.2d at 926. Based on the record before us, we conclude that counsel's performance was not deficient for failing to investigate or present the affirmative defense of inability to pay.

Appellant next faults trial counsel for failing to prevent the State from calling her as a witness. We disagree. Ultimately, the question of whether to testify is a decision to be made by the client. Valdes-Fuerte v. State, 892 S.W.2d 103, 111 (Tex.App.–San Antonio 1994, no pet.). The record shows that the State called appellant as a witness "for the limited purpose of introduction of Stipulation of Evidence." Appellant had the final word on whether to testify and she has not demonstrated that taking the stand was due to any error by counsel. Having concluded that counsel's performance was not deficient, we

6

need not consider the second prong of *Strickland*. The trial court did not abuse its discretion in revoking appellant's community supervision. Point of error one is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.