**Ted TOWNSEND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 04–96–00131–CR, 04–96–00350–CR.**

Court of Appeals of Texas,
San Antonio.

May 21, 1997.

---

Michael D. Bernard, Hitchings, Pollock & Bernard, San Antonio, Daphne Previti, Student Attorney, San Antonio, for Appellant.

Lynn Ellison, District Attorney, Jennifer B. Rosenblatt, Assistant District Attorney, Jourdanton, for Appellee.

Before HARDBERGER, C.J., and LOPEZ and ANGELINI, JJ.

## OPINION

HARDBERGER, Chief Justice.

### INTRODUCTION

Ted Townsend was indicted by an Atascosa County grand jury for two counts of aggra-

vated sexual assault of a child. Townsend's daughter, Tammy Lynell "Nell" Townsend, alleged that he had sexually abused her on at least two occasions when her mother was not at home. Townsend pled not guilty, waived his right to a jury, and trial was to the court. The trial judge found Townsend guilty on both counts and sentenced him to thirty years confinement in the Institutional Division of the Texas Department of Criminal Justice, with the sentences to run concurrently. This appeal followed. In three points of error, Townsend claims that (1) he was deprived of due process of law when he was denied a hearing on his competence to stand trial, (2) the trial court erred in finding the evidence insufficient to warrant a competency hearing, and (3) the evidence is factually insufficient to support his conviction on two counts of aggravated sexual assault of a child. We affirm.

## COMPETENCY HEARING

In his first two points of error, Townsend complains of the trial court's failure to empanel a jury to determine his competency to stand trial. Townsend filed his first Motion for Psychiatric and/or Psychological Examination and Pre–Trial Hearing on Defendant's Competency to Stand Trial in late 1994. He was examined by Dr. John Sparks, who determined that he was competent to stand trial. Dr. Sparks concluded that Townsend was mildly depressed, but that he appeared "able to work with his attorney with a rational as well as a factual understanding and to have a rational understanding of the court process." The case was ultimately set for trial in December 1995. On the morning trial was to begin, Townsend's counsel announced "not ready" and presented a Second Motion for a Psychiatric and/or Psychological Examination and Pre–Trial Hearing on Defendant's Competency to Stand Trial, claiming that Townsend had threatened suicide the weekend prior to trial.

At the hearing on this second motion, the court heard testimony from three witnesses. The first witness was Cyndia Maxwell, District Court Coordinator, who planned to testify regarding comments made by Dr. Sparks via a telephone conversation. The State ob-

jected on hearsay grounds, the trial judge sustained the objection, and the testimony was offered under a bill of exception. Maxwell testified that Dr. Sparks called her more than six months prior to her testimony and told her that he was concerned because Townsend exhibited suicidal tendencies. The next witness was Janie McWhorter, Townsend's girlfriend. McWhorter testified that on the Saturday before trial, Townsend came to her place of employment drunk and upset. She said Townsend handed her a tape containing a suicide note and asked her to listen to it. The last witness at the hearing was Townsend himself. Townsend identified the suicide note and his Last Will and Testament and testified regarding his fears of life in prison. On cross-examination, Townsend stated that he understood and had consulted with his attorney regarding the charges against him, and desired to cooperate with his attorney. The trial court denied Townsend's motion at the conclusion of the hearing.

A defendant is competent to stand trial if he has sufficient present ability to consult with his attorney and understands the proceedings against him. TEX.CODE CRIM. PROC. ANN. art. 46.02 § 1 (Vernon 1981); *Loftin v. State,* 660 S.W.2d 543, 545–46 (Tex.Crim.App.1983); *Valdes–Fuerte v. State,* 892 S.W.2d 103, 106–07 (Tex.App.—San Antonio 1994, no pet.). If evidence is presented to support a finding of incompetency to stand trial, the trial court should conduct a competency hearing and impanel a jury to determine the defendant's competency. TEX.CODE CRIM. PROC. ANN. art. 46.02 §§ 2(b), 4. If the evidence presented warrants a competency hearing and the trial court denies such a hearing, the defendant is deprived of his constitutional right to a fair trial. *Pate v. Robinson,* 383 U.S. 375, 385, 86 S.Ct. 836, 842, 15 L.Ed.2d 815 (1966). "The conviction of an accused person while he is legally incompetent violates due process." *Id.* at 378, 86 S.Ct. at 838. A trial court's decision to not empanel a jury and conduct a competency hearing is reviewed under an abuse of discretion standard. *Thompson v. State,* 915 S.W.2d 897, 901 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd).

Applying the above standards to the facts of this case, we cannot agree that the trial court abused its discretion in refusing to empanel a jury and conduct a competency hearing. Accordingly, no due process violation occurred. While the evidence produced by Townsend established that he had suicidal tendencies and was depressed, it did not support a finding of incompetency to stand trial. A determination that a person is mentally ill does not constitute a finding that the person is incompetent to stand trial. *Valdes–Fuerte*, 892 S.W.2d at 107. No evidence was presented indicating that Townsend could not consult with his attorney or did not understand the proceedings against him. In fact, the evidence presented indicated the contrary. Townsend himself told the court that he knew he was facing time in prison for sexual assault of a minor and agreed to cooperate with his attorney. Townsend's first and second points of error are overruled.

## SUFFICIENCY OF EVIDENCE

In his third and final point of error, Townsend claims that the evidence is factually insufficient to support his conviction on both counts of aggravated sexual assault. The standard of review for an appellate court in deciding a challenge to the factual sufficiency of the evidence is whether, after looking at all of the evidence, the decision of the trier of fact is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 135 (Tex.Crim.App.1996). We must view all of the evidence equally to both the prosecution and the defense while being "appropriately deferential" to the trier of fact so as not to substitute our judgment. *De Los Santos v. State*, 918 S.W.2d 565, 569 (Tex.App.—San Antonio 1996, no pet.).

A person commits the offense of aggravated sexual assault if he intentionally and knowingly penetrates the mouth of a child with his sexual organ *or* penetrates the anus or female sexual organ of a child by any means *and* the victim is younger than 14 years of age. TEX. PENAL CODE § 22.021(a) (Vernon 1995). Townsend was indicted in two counts for violating the statute in both of the listed ways. The evidence presented at trial appears to be factually sufficient to support Townsend's conviction on both counts. The child victim, Nell, testified that her father, Townsend, placed his sexual organ in her mouth and anus on multiple occasions. Nell's mother testified that Nell told her on two occasions that she had been abused by her father—first on April 16, 1992, and then on April 24, 1992. She said the first time Nell told her, "Daddy has done something wrong.... Daddy did something bad. He touched me in the wrong place." The second time, Nell said, "Daddy did me wrong again; he touched me wrong, again.... Daddy put his dick in my mouth." On both occasions, Nell's mother had just returned from running errands for Townsend when she was approached by Nell. Dr. Nancy Kellogg of the Alamo Children's Advocacy Center also testified. Dr. Kellogg stated that her examination of Nell revealed trauma and penetration due to either a tearing of the tissue of the hymen or the tissue being rubbed down to create the defect.

Townsend first argues that this evidence is factually insufficient because he presented two alibi witnesses at trial. These witnesses were John Julian and Robert Lee Noack. Julian testified that while Nell's mother was gone to the store on one Thursday in April 1992, Townsend was in his view the whole time. Similarly, Noack testified that Townsend never left his view while Nell's mother was gone that day.

Townsend further argues that the State's evidence is factually insufficient because the credibility of Nell and her mother was called into question during the trial. With regard to Nell's credibility, Townsend claims that a video tape introduced at trial of Nell's interview with a Child Protective Services worker revealed how "easily coached" Nell was. Regarding Nell's mother, Townsend claims that her credibility was diminished when her testimony that she had never had an extramarital affair was refuted by the testimony of another witness called at trial. Townsend also contends that Nell's mother had a motive to lie because she was using the sexual abuse allegations to escape from a bad marriage.

Notwithstanding the testimony of the alibi witnesses and Townsend's claims regarding the credibility of Nell and her mother, we cannot agree that the judgment in this case is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. It is for the trier of fact to assess the credibility of witnesses and the weight to be given their testimony. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex.Crim. App.1991). Further, the trier of fact has sole discretion to accept or reject all or part of any witness's testimony and reconcile conflicts in the evidence. *Losada v. State*, 721 S.W.2d 305, 309 (Tex.Crim.App.1986); *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim.App.1981). The trial judge, as the trier of fact in this case, assessed the credibility of the witnesses at trial and reconciled the conflicts in the evidence in favor of the State. We will not disturb the court's decision in this regard. Townsend's third point of error is overruled.

The judgment of the trial court is affirmed.