Nos. 04-97-01048-CR, 04-97-01049-CR, 04-97-01050-CR, 04-97-01051-CR, 04-97-01052-CR,
04-97-01053-CR, 04-97-01054-CR, 04-97-01055-CR


Rudy RODRIGUEZ,


Appellant



v.



The STATE of Texas,


Appellee



From the 218th Judicial District Court, Karnes County, Texas


Trial Court Nos. 96-06-00030-CRK to 96-06-00037-CRK


Honorable Stella Saxon, Judge Presiding



Opinion by: Catherine Stone, Justice 


Sitting: Alma L. López, Justice 

 Catherine Stone, Justice 

 Paul W. Green, Justice 


Delivered and Filed: March 31, 1999


AFFIRMED


 Appellant Rudy Rodriguez challenges his conviction on four counts of Sexual Assault of a
Child, three counts of Indecency with a Child by Contact, and one count of Aggravated Assault with
a Deadly Weapon. On appeal, Rodriguez's court-appointed attorney has filed an Anders' brief, and
Rodriguez has filed his own brief pro se.(1) Although we have construed Rodriguez's brief liberally,
we find his points of error are without merit and affirm the judgment of the trial court.

Factual Background

 Rodriguez was indicted on the aforementioned counts for acts committed against his
stepdaughter, C.S. The State presented testimony from C.S., Rodriguez's wife and C.S.'s mother
(Marta), and C.S.'s boyfriend (Sylvester) supporting Rodriguez's conviction. Also testifying on
behalf of the State were: Tim Crow, the investigating police officer; James Moore, the child
protective worker; Margaret Gotthardt, the custodian of records for Otto Kaiser Hospital; and Rae
Charisse Consing, the emergency room nurse. Rodriguez introduced testimony from Terry Schmidt
who had previously worked at the Sheriff's Department. The trial court found Rodriguez guilty on
all eight counts and sentenced him to 17 years imprisonment.

 After reviewing Rodriguez's briefs, we have distilled his arguments to five issues: (1) the
evidence was factually insufficient to support his convictions; (2) the prosecutor and police officers
abused their authority by lying on the stand, directing witnesses to lie, and obtaining an illegal
confession; (3) Rodriguez was deprived of a fair trial due to ineffective assistance of counsel; (4) the
pre-sentence investigation report was falsified; and (5) Rodriguez was not competent to stand trial.

Factual Insufficiency

 We construe Rodriguez's argument that the evidence and testimony of the witnesses was
inconsistent to be a challenge to the factual sufficiency of the evidence. In reviewing a case for
factual sufficiency of the elements of the offense, the court "views all the evidence without the prism
of 'in the light most favorable to the prosecution' and sets aside the verdict only if it is so contrary
to the overwhelming weight of the evidence as to be clearly wrong and unjust." Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996). Deference should be given to the trial court so that the
appellate court is not merely substituting its judgment. See id. at 135.

 In this first issue, Rodriguez notes inconsistencies in Sylvester's and C.S.'s testimony which
Rodriguez contends indicates that they were not credible witnesses. Rodriguez argues that Sylvester
changed his statement about his supposed discovery of Rodriguez having sex with C.S. He also
believes that Sylvester provided different dates indicating when he first knew that Rodriguez was
touching C.S. Additionally, Rodriguez argues that C.S. was abused in 1987, which explains findings
in her medical records and also made it easy for her to fabricate these stories. Rodriguez also
believes that C.S.'s original statement was never verified.

 The allegedly inconsistent statements of C.S. and Sylvester are not evident from the record.
Apparently, Rodriguez has found them in prior statements made by these witnesses that were not
admitted at trial. Rodriguez has also not indicated what C.S.'s original statement would have
proved. Even if his contentions are true, these inconsistencies appear to be of no consequence and
do not assist in proving Rodriguez's innocence. Furthermore, Rodriguez's attorney adequately
questioned the nurse testifying about C.S.'s medical records, making the court aware that C.S.'s
medical condition was not necessarily the result of Rodriguez's abuse.

 In his final evidentiary sufficiency argument, Rodriguez contends the evidence shows that
C.S. was at a friend's house on March 15, 1996, and thus, it would have been impossible for
Rodriguez to abuse C.S. on this day as he was not with her. However, we cannot find evidence in
the record to support this contention. Marta testified that during March, C.S. stayed at her friend's
but did not give a specific date. We hold that the trial court's verdict was not so against the
overwhelming weight of the evidence as to be clearly wrong and unjust. The evidence was factually
sufficient to support Rodriguez's conviction on all eight counts. Consequently, Rodriguez's first
issue is overruled.(2)

Prosecutorial Misconduct

 In his second issue, Rodriguez contends the district attorney instructed her witnesses to lie
or at least knew her witnesses were lying, and failed to take any action. He further argues that the
testifying police officers were involved in a cover up related to a previous case of abuse. Rodriguez
notes that Sheriff Terry Schmidt was a friend of Marta's. Rodriguez contends that in 1987 Schmidt
had told Marta not to report an incident of abuse involving C.S. because Marta was an unfit mother.
In order to prevent this information from coming out, Rodriguez believes that Deputy Tim Crow,
Schmidt's cousin, not only lied on the stand but forced Rodriguez's confession so the previous
incident would not come up in court.(3) Rodriguez also believes two statements given by Sylvester
were both purposefully lost.

 While we recognize that the knowing use of perjured testimony by a prosecutor in obtaining
a conviction violates a defendant's due process rights and denies the accused a fair trial, there is no
evidence in this record to support these contentions. See Davis v. State, 831 S.W.2d 426, 439 (Tex.
App.--Austin 1992, pet. ref'd). Schmidt indicated that he did not have any knowledge of these
events. Further, the record shows that any inconsistencies in the officer's testimony are either
inconsequential or simply involve information that the witnesses were unable to remember. There
is also no evidence indicating that any statements were purposefully lost.(4)

Ineffective Assistance of Counsel

 In his third issue, Rodriguez argues that he received ineffective assistance of counsel as his
attorney was not prepared for trial or sentencing, did not interview witnesses, and did not properly
investigate the facts of the allegations against Rodriguez. Rodriguez also complains about counsel's
cross-examination of Sylvester and Marta. He asserts that his counsel failed to ask Sylvester
important questions. Rodriguez states that he would have fired his attorney but was told he would
have to go to court by himself. While preparing his appeal, Rodriguez complains that his attorney
has not responded to his letters and has asked the court to provide him with another attorney.

 To demonstrate ineffective assistance of counsel, a defendant must prove (1) that counsel's
performance was deficient, and (2) that this deficient performance prejudiced his defense. Strickland
v. Washington, 466 U.S. 668, 694 (1984); Jackson v. State, 771 S.W.2d 768, 771 (Tex. Crim. App.
1994). In reviewing the record, every effort must be made to eliminate distorting effects of
hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the
conduct considering the "totality of the representation" rather than isolated acts of trial counsel.
Strickland, 466 U.S. at 695-96.

 As the State points out, counsel filed numerous pre-trial motions, secured prior written
statements, suppressed oral statements, and obtained a psychiatric evaluation. Additionally, counsel
questioned C.S. and Schmidt about previous abuse and found no evidence of any. We fail to find
any indication that counsel did not perform adequately, nor does Rodriguez explain how any
suggested action would have affected the outcome of the trial. Even if counsel had discovered any
previous abuse, this evidence would not have necessarily impeached any of the witnesses's
testimony or exonerated Rodriguez. Further, because we do not have the sentencing record before
us, we cannot determine whether counsel was ineffective at sentencing.

 Rodriguez's complaints about counsel's cross-examination of Sylvester and Marta also fail
the Strickland standard. Review of the record indicates that counsel effectively cross-examined
Sylvester by asking him about his activities on relevant dates, his sexual relations with C.S, and his
discovery of Rodriguez and C.S. We fail to find any reason that counsel should have asked Sylvester
about the incidents in March. Sylvester also made no indication that he did not understand any of
counsel's questions. Rodriguez has failed to rebut the presumption that, under the circumstances,
the challenged actions "might be considered sound trial strategy." See Jackson v. State, 877 S.W.2d
768, 772 (Tex. Crim. App. 1994). Even if counsel failed to clear up an inconsistency in Sylvester's
or Marta's testimony, Rodriguez has not shown nor can we conclude that there is a reasonable
probability that but for counsel's unprofessional errors, the result of the proceeding would have been
different. See id. at 771.(5)Pre-Sentence Investigation Report In his fourth issue, Rodriguez contends that Moritz and Garza falsified his pre-sentence
report (PSI), failed to include information in this report that Rodriguez wanted the judge to consider,
failed to include Rodriguez's version of the events, and threatened to inform the judge of any lack
of cooperation on Rodriguez's part, even though he was told he could end the interview at any time.
Rodriguez believes that Moritz filled in his statements to match C.S.'s statements.

 While we recognize that Rodriguez is proceeding pro se, we have found no support for any
of his contentions in the record. Because the PSI and sentencing hearings are not part of the
appellate record, we have no basis for determining that anything Moritz included in the PSI was
untrue or invalid or that she failed to include information that Rodriguez desired. We have no
evidence to indicate that the dates used by Moritz are incorrect or that even if incorrect, would render
the sentencing an abuse of discretion. Additionally, we have no evidence showing that Rodriguez
or his counsel did not have adequate time to review the PSI prior to sentencing. See Garcia v. State,
773 S.W.2d 694, 696 (Tex. App.--Corpus Christi 1989, no pet.) (holding that defendant was
afforded an opportunity to read and address the contents of the PSI where his counsel announced on
the record that he had reviewed the PSI prior to sentencing). Thus, we cannot say that it was error
for the court to consider the PSI in assessing Rodriguez's sentence. Because neither the sentencing
hearing nor the PSI have been included in the record, we have no choice but to overrule Rodriguez's
claim.

Competency

 In this issue, Rodriguez believes that he should not have been allowed to stand trial because
he was mentally ill. Rodriguez contends that the examining psychiatrist, Dr. Sparks, determined
that Rodriguez was mentally ill, but failed to include that information in the report to the court.
Rodriguez notes that he did not reveal everything to Dr. Sparks, because he wanted to prove at trial
that C.S. had been previously abused. Further, Rodriguez argues that after the first visit with Dr.
Sparks, Dr. Sparks determined that Rodriguez was mentally ill; however, after a second examination
Dr. Sparks determined that he was not ill and could stand trial.

 A person is competent to stand trial if that person has the sufficient present ability to consult
with his attorney with a reasonable degree of rational understanding and has an understanding of the
proceedings against him. Townsend v. State, 949 S.W.2d 24, 26 (Tex. App.--San Antonio 1997,
no pet.). See also Tex. Code Crim. Proc. Ann. art. 46.02 § 1 (Vernon 1979). If evidence is
presented of a defendant's incompetency to stand trial, the trial court should conduct a hearing on
the matter. See Tex. Code Crim. Proc. Ann. art. 46.02 §§ 2(b), 4 (Vernon 1979 & Supp. 1999).

 After reviewing the record, we cannot say that the trial court abused its discretion in
determining that Rodriguez was competent to stand trial or by failing to conduct a competency
hearing. Dr. Sparks' findings indicate that although Rodriguez suffers from mental illness, he was
nonetheless mentally competent to stand trial. See Leyva v. State, 552 S.W.2d 158, 160 (Tex. Crim.
App. 1977) (noting that a judicial determination that a person is mentally ill does not constitute a
determination of a person's mental competency); Townsend v. State, 949 S.W.2d at 27 (holding that
a determination that a person is mentally ill does not constitute a finding that the person is
incompetent to stand trial). Contrary to Rodriguez's contention that Dr. Sparks reached differing
conclusions in the two times he examined Rodriguez, the record reflects that Dr. Sparks reached the
same conclusion both times. Consequently, Rodriguez's final issue is overruled.

 Counsel's previously filed motions to withdraw as attorney of record are granted. The
judgment of the trial court is affirmed.


 Catherine Stone, Justice

DO NOT PUBLISH

1. Rodriguez's court-appointed attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in
which he asserted that there are no meritorious issues on appeal, and requested to withdraw appellate representation.
2. Rodriguez contends that the district attorney used letters that he had written to his wife to prove his guilt when
those letters actually indicated that another person had abused C.S. Review of the record reveals that these letters had
no part in reaching Rodriguez's conviction. The letters were not admitted at trial and thus, could not have been used
by the district attorney to prove Rodriguez's guilt, regardless of their accuracy or inaccuracy.
3. Rodriguez also argues that his original statement to the police was illegally obtained because the officers
informed him if he did not confess, the judge would "go hard" on him, and that he was not read his rights until after
making his statement. Further, Rodriguez contends that this can all be proven as a tape recorder was used at his
interrogation, even though the officers denied it. Rodriguez states that he wanted to tell the court that he was forced
to confess but his attorney would not let him. In spite of all this, Rodriguez's statement was not admitted at trial.
Further, testifying at the trial would have resulted in the admission of prior statements to impeach Rodriguez and would
have further incriminated him. Consequently, this issue is overruled.
4. Rodriguez also argues that the court reporter did not accurately record the trial. Rodriguez, however, has
failed to note the significance of any inaccuracies or omissions in the record or explain how they would have changed
the outcome of his trial.
5. As the Court of Criminal Appeals in Jackson v. State noted, the record on direct appeal may not be fully
developed because of the very alleged ineffectiveness below, especially where the alleged ineffectiveness is due to
omission rather than commission. See Jackson, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998). Consequently, a
collateral attack may be a more effective way to develop the record. Id. See also Ex parte Duffy, 607 S.W.2d 507, 513
(Tex. Crim. App. 1980).

Return to
Fourth Court of Appeals