11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Clay
Edward Richie a/k/a Damien

Appellant

Vs.                   No. 11-03-00031-CR -- Appeal
from Collin County

State
of Texas

Appellee

 

Clay Edward Richie a/k/a Damien entered an open
plea of guilty to two counts of aggravated sexual assault of a child and one
count of indecency with a child.  The
trial court convicted appellant of all three offenses and assessed punishment
at confinement for 35 years for each of the aggravated sexual assault offenses
and confinement for 20 years for the offense of indecency with a child.  We affirm. 


On appeal, appellant presents three points of
error relating to his competence.  In the
first point, appellant contends that the trial court erred by failing to conduct
a competency hearing sua sponte.  In the
second point, appellant contends that his guilty plea was not made voluntarily
and intelligently because he did not know if he had committed the offenses.  In the third point, appellant asserts that he
received ineffective assistance of counsel at trial because trial counsel
failed to request a competency hearing prior to the entry of appellant=s guilty plea.[1]  








The record shows that appellant pleaded guilty on
October 2, 2002, to the offenses of indecency with and sexual assault of his
four-year-old stepdaughter.  There was no
plea bargain agreement in this case.  The
trial court inquired about the voluntariness of appellant=s plea and admonished him regarding the
consequences of his plea.  The trial
court properly instructed appellant as to the applicable range of punishment
for the offenses.  Appellant indicated
that he was entering his plea freely and voluntarily and that he was entering a
plea of guilty because he was guilty and for no other reason.  Appellant also stated that he had never been
to a mental hospital or had any indication that he lacked competency or
sanity.  After insuring that appellant
understood the rights he was waiving, the trial court accepted appellant=s plea, ordered a presentence
investigation, and reset the case for a subsequent hearing.  

The record from the subsequent hearing shows that
appellant=s trial
counsel requested the appointment of a psychiatrist to evaluate appellant
before a sentence was pronounced.  Trial
counsel=s request
was based on appellant=s
statements in the presentence investigation report indicating that Ahe cannot remember the incidents,
though he acknowledged that they must have taken place.@  Trial counsel did not insinuate that
appellant was incompetent.  The trial
court denied appellant=s
request.  Appellant then testified that he
could A[n]ot
specifically@ remember
the offenses.  Appellant testified that
he has vague recollections and dreams which cause him to become depressed and
then Ajust stop
thinking.@  Appellant stated that he remembered being
interviewed by a police investigator but that he could not remember any of
their conversation, that his affidavit triggers vague memories, that he
believes that he must have committed the offenses, that he feels terrible A[k]nowing that [he] did do these
things,@ and that
he cannot understand why or how he could have done such a thing to his
stepdaughter.  Appellant testified that,
while in jail for these offenses, he attempted suicide at least four times A[b]ecause of what [he]=d done.@  Appellant also testified that he was taking
medication prescribed by the doctors at the jail for his bipolar
condition.  Appellant requested
psychiatric help and asked the trial court for a second chance even though he
knew he did not deserve one and had no Adelusions
about what the possibility is.@  








Contrary to appellant=s
contention, the evidence before the trial court did not require the trial court
to initiate a competency hearing.  A
trial court is required to sua sponte conduct a competency hearing Awhen evidence coming to the court=s attention raises a bona fide or
reasonable doubt as to appellant=s
competency.@  Loftin v. State, 660 S.W.2d 543, 546
(Tex.Cr.App.1983).  We can find nothing
in the record which would have suggested to the trial court that appellant did
not possess Asufficient
present ability to consult with [his] lawyer with a reasonable degree of
rational understanding@
or that he did not have Aa
rational as well as factual understanding of the proceedings against@ him. 
Former TEX. CODE CRIM. PRO. art. 46.02, '
1A (Vernon Pamph. Supp. 2004)[2];
see McDaniel v. State, 98 S.W.3d 704 (Tex.Cr.App.2003); Reeves v.
State, 46 S.W.3d 397 (Tex.App. - Texarkana 2001, pet=n
dism=d); Townsend
v. State, 949 S.W.2d 24, 26-27 (Tex.App. - San Antonio 1997, no pet=n). 
Furthermore, because there is nothing in the record to indicate that
appellant was incompetent to stand trial under the standards set out in former
Article 46.02, section 1A, we cannot hold that appellant has shown that trial
counsel=s
representation fell below an objective standard of reasonableness because he
failed to request a competency hearing.  Wilkerson
v. State, 726 S.W.2d 542, 551 (Tex.Cr.App.1986), cert. den=d, 480 U.S. 940 (1987); see
Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State,
988 S.W.2d 770 (Tex.Cr.App.1999).  The
first and third points of error are overruled. 


In the second point, appellant urges that his plea
was not entered into voluntarily and intelligently because he did not know if
he had committed the offenses.  Proper
admonishments create a prima facie showing that the guilty plea was entered
knowingly and voluntarily.  Martinez
v. State, 981 S.W.2d 195, 197 (Tex.Cr.App.1998); Ex parte Gibauitch,
688 S.W.2d 868 (Tex.Cr.App.1985).  Where
the record reflects that a defendant was duly admonished, the defendant has the
burden to demonstrate that he did not fully understand the consequences of his
plea such that he suffered harm.  Martinez
v. State, supra.  In
considering the voluntariness of a guilty plea, we must examine the record as a
whole.  Martinez v. State, supra.  The record from the plea proceeding and the
written plea documents reflect that appellant understood the consequences of
his plea and that he entered the plea knowingly and voluntarily.  There was no indication at the plea
proceeding that appellant could not remember committing the offenses.  During his testimony, appellant appeared to
comprehend what was occurring and was able to communicate and answer questions
effectively.  We hold that appellant has
not shown that he did not fully understand the consequences of his plea.  The second point of error is overruled.  








The judgments of the trial court are
affirmed.  

 

JIM R. WRIGHT

JUSTICE

 

February 26, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b). 

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J. 











[1]We note that the State contends that appellant
forfeited his right to appeal the issue in the third point of error.  The State relies on Young v. State, 8
S.W.3d 656, 667 (Tex.Cr.App.2000), in support of its contention.  Because the alleged ineffectiveness of trial
counsel was based on the issue of appellant=s
competency to enter a guilty plea, the judgment of guilt was not rendered
independent of the alleged error.  Thus,
we conclude that the issue has not been waived or forfeited pursuant to Young;
and, accordingly, we will address the merits of appellant=s third point.  See
Dorsey v. State, 55 S.W.3d 227 (Tex.App. - Corpus Christi 2001, no pet=n). 





[2]We note that former TEX. CODE CRIM. PRO. art. 46.02
(Vernon Pamph. Supp. 2004) has been repealed and replaced by TEX. CODE CRIM.
PRO. ANN. ch. 46B (Vernon Pamph. Supp. 2004). 
However, the former version applies to this case because it was in
effect at the time the proceedings were initiated.  The substance of former Article 46.02,
section 1A is currently located in Article 46B.003.