Opinion issued January 27, 2004



                                                 







In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01034-CR




LINDY G. HEARD, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 940357




MEMORANDUM OPINION
          Appellant, Lindy G. Heard, pleaded guilty, without an agreed recommendation
as to punishment, to the felony offense of arson. The trial court sentenced appellant
to 20 years in prison. Appellant’s court-appointed counsel filed a brief stating that
she was unable to find any error warranting a reversal and a motion to withdraw.



Appellant, pro se, attempts to demonstrate arguable grounds for appeal by presenting
the following issues: (1) that the trial court erred in permitting him to plead guilty
because “there was a reason to believe that the appellant was, in fact, mentally
incompetent” at the time and (2) that he received ineffective assistance of counsel “in
connection with the plea” and during the sentencing hearing. We affirm.
BACKGROUND
          During the early morning hours of February 12, 2003, appellant set fire to the
house of Martha McKnight, his ex-wife. Prior to the couple’s divorce, appellant had
assaulted McKnight, violated a subsequent protective order, and repeatedly
threatened to kill her. McKnight had been hiding from appellant for over three years. 
          On his counsel’s motion, appellant was examined by a psychiatrist, who
concluded that appellant was sane at the time of the offense. Appellant’s counsel
recommended appellant enter a plea of guilty and also requested a competency
evaluation. Appellant refused to cooperate with the psychiatrist for the competency
evaluation, but did plead guilty to arson. Prior to entering the plea, appellant was
questioned by the trial court and signed a waiver, stipulation, and judicial confession.
See Tex. Code Crim. Proc. Ann. art. 26.13(a) (Vernon Supp. 2004).DISCUSSION
Competency to enter plea of guilty
          In his first issue, appellant asserts that the trial court erred in permitting him to
plead guilty because it had “reason to believe that appellant was, in fact, mentally
incompetent.” Appellant contends that the trial court had reason to doubt his
competency for the following reasons: (1) the trial court’s ordering a competency
evaluation should be considered proof of the trial court’s doubt as to his competency,
and the competency evaluation was not completed so that doubt was not resolved;
and (2) in his closing argument, appellant’s counsel stated his belief that appellant
had some form of mental illness.
          A plea of guilty should not be accepted by the trial court unless the defendant
appears mentally competent and enters the plea voluntarily. Tex. Code Crim. Proc.
Ann. art. 26.13(b) (Vernon Supp. 2004). A defendant who enters a plea of guilty
without a plea agreement may always challenge the voluntariness of his guilty plea
on appeal. Flowers v. State, 935 S.W.2d 131, 134 (Tex. Crim. App. 1996). We
determine the voluntariness of appellant’s guilty plea by the totality of the
circumstances, viewing the record as a whole. Lee v. State, 39 S.W.3d 373, 375 (Tex.
App.—Houston [1st Dist.] 2001, no pet.) (citing Williams v. State, 522 S.W.2d 483,
485 (Tex. Crim. App. 1975) (reviewing record as a whole)); Griffin v. State, 703
S.W.2d 193, 196 (Tex. Crim. App. 1986) (utilizing totality of circumstances test).           For appellant to prevail on his competency issue, the record must show that he
did not have a sufficient ability, at the time he entered his plea, to consult with his
lawyer with a reasonable degree of rational understanding, or that he did not have a
rational as well as factual understanding of the proceedings against him. See Act of
May 18, 1977, 65th Leg., R.S., ch. 596, § 1, art. 46.02, sec. 1, 1977 Tex. Gen. Laws
1458,1458, repealed by Act of April 30, 2003, 78th Leg., R.S., ch. 35, § 15, 2003
Tex. Gen. Laws 57, 72.


 The evidence of incompetency must be specific and
illustrative of counsel’s inability to communicate with appellant, and it is not enough
to allege unspecified difficulties. See Moore v. State, 999 S.W.2d 385, 394 (Tex.
Crim. App. 1999). Competency is presumed, and appellant has the burden of
showing he was not competent at the time he pleaded guilty. See Act of May 18,
1977, 65th Leg., R.S., ch. 596, § 1, art. 46.02, sec. 1, 1977 Tex. Gen. Laws 1458,1458
(repealed 2004); Arnold v. State, 873 S.W.2d 27, 36-37 (Tex. Crim. App. 1993); Lee,
39 S.W.3d at 375.            
          The record shows, as appellant admits in his brief, that the psychiatrist was
unable to complete the competency evaluation because appellant refused to cooperate. 
Appellant admits that he chose not to cooperate because he “felt that the examination
would hurt” his defense. The fact that the competency evaluation was not completed
is of no assistance to appellant in rebutting the presumption of competency. Neither
is the argument presented by his trial counsel that it was counsel’s opinion that
appellant suffered from some mental illness. Statements made by counsel in
argument are not evidence. Motilla v. State, 38 S.W.3d 821, 824 (Tex.
App.—Houston [14th Dist.] 2001), rev’d on other grounds, 78 S.W.3d 352 (Tex.
Crim. App. 2002). Assuming arguendo that mental illness could be proven, that
would not be proof of incompetency to stand trial. Townsend v. State, 949 S.W.2d
24, 27 (Tex. App.—San Antonio 1997, no pet.). See also Moore, 999 S.W.2d at 395
(holding that appellant’s propensity toward depression is not proof of his inability to
communicate with counsel or understand proceedings).
          Appellant has pointed to no evidence to show that he was incompetent at the
time appellant entered his guilty plea. We hold that appellant has not rebutted the
presumption of competency and the trial court did not err in accepting appellant’s
guilty plea. Appellant’s first issue does not present an arguable ground on appeal. 
 

Ineffective assistance of counsel
          In his second issue, appellant asserts that his trial counsel provided ineffective
assistance when he entered his guilty plea and during his sentencing. Specifically,
appellant contends that his counsel (1) did not meet with appellant often enough to
assess appellant’s competency, (2) did not request that the trial court continue it’s
competency inquiry despite appellant’s “alleged” refusal to cooperate, (3) was not
aware, or chose to ignore, that appellant was medicated with an anti-depressant drug
when entering his plea of guilty, (4) did not present mitigating evidence at sentencing,
(5) failed to discuss the pre-sentencing investigation report with appellant, and (6)
had no contact with appellant over the more than two-month period between the day
the plea was entered and the day the sentencing hearing was held. 
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984). Appellant must show that (1) counsel’s performance was so deficient
that he was not functioning as acceptable counsel under the Sixth Amendment


 and
(2) but for the counsel’s error, the result of the proceedings would have been
different. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Thompson v. State, 9
S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez v. State, 726 S.W.2d 53, 55
(Tex. Crim. App. 1986); Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston
[1st Dist.] 1996, no pet.). It is the defendant’s burden to prove ineffective assistance
of counsel. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at
93. Defendant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy. See Strickland, 466 U.S.
at 689, 104 S. Ct. at 2065; Thompson, 9 S.W.3d at 813; Gamble, 916 S.W.2d at 93. 
          Appellant did not file a motion for new trial. The record is silent as to why
appellant’s trial counsel took, or failed to take, the actions appellant asserts are proof
of ineffective assistance of counsel. See Gamble, 916 S.W.2d at 93. To defeat the
presumption of sound trial strategy, the allegation of ineffective assistance of counsel
must be “firmly founded in the record,” which must “affirmatively demonstrate the
alleged ineffectiveness.” Thompson, 9 S.W.3d at 813. To find that appellant’s
counsel was ineffective based on the asserted grounds would call for speculation,
which we will not do. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994); Gamble, 916 S.W.2d at 93. 
          Appellant’s second issue does not present an arguable ground on appeal.
                                                     CONCLUSION
          We affirm the judgment of the trial court.
          We grant counsel’s motion to withdraw.



 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).