IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00223-CR

 

Joseph Sean Williford,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 66th District
Court

Hill County, Texas

Trial Court No. 31,846

 



MEMORANDUM  Opinion



 

The trial court revoked Joseph Williford’s
community supervision for aggravated assault and sentenced him to eight years
in prison.  In two issues, Williford contends that the trial court abused its
discretion by failing to allow an investigation into his competency to stand
trial and by sentencing him to eight years in prison.  We will affirm.

Competency

At the hearing on
the State’s motion to revoke, defense counsel expressed “serious concerns about
[Williford’s] competency level” on whether Williford could understand their
conversations or fully participate in his own defense.  Counsel requested a
continuance so a psychiatrist could review Williford’s competency.

On the suggestion that the defendant is
incompetent to stand trial, “the court shall determine by informal inquiry
whether there is some evidence from any source that would support a finding
that the defendant may be incompetent to stand trial.”  Tex. Code Crim.
Proc. Ann. art. 46B.003(c)
(Vernon 2006).  “If after an informal inquiry the court
determines that evidence exists to support a finding of incompetency, the court
shall order an examination under Subchapter B to determine whether the
defendant is incompetent to stand trial in a criminal case.”  Id. art.
46B.005(a). 

In this case, the trial court did
conduct an informal inquiry, on the suggestion of defense counsel, into
Williford’s competency.  Williford’s first issue complains that the trial court
abused its discretion in finding that no evidence existed to support a finding
of incompetency to stand trial and in failing to order an examination into
Williford’s competence.

In Pate v. Robinson, [383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966)] Illinois conceded that “the conviction of an accused
person while he is legally incompetent violates due process, and that state
procedures must be adequate to protect this right.” [Id. at 378, 86
S.Ct. 836.]  The Supreme Court went on to determine that “where the evidence
raises a ‘bona fide doubt’ as to a defendant’s competence to stand trial, the
judge on his own motion must impanel a jury and conduct a sanity hearing.”  [Id. at 385, 86 S.Ct. 836.]  Under Texas law, a defendant is incompetent to stand
trial if he does not have “sufficient present ability to consult with [his]
lawyer with a reasonable degree of rational understanding” or “a rational as
well as factual understanding of the proceedings against” him.  [Art. 46B.003.] 
A bona fide doubt is “a real doubt in the judge’s mind as to the defendant’s
competency.”  Alcott v. State, 51 S.W.3d 596, 599, n. 10 (Tex. Crim. App. 2001).]  Evidence raising a bona fide doubt “need not be sufficient to
support a finding of incompetence and is qualitatively different from such
evidence.”  [Id.]  Evidence is sufficient to create a bona fide doubt if
it shows “recent severe mental illness, at least moderate retardation, or truly
bizarre acts by the defendant.”  [McDaniel v. State, 98 S.W.3d 704, 710
(Tex. Crim. App. 2003).]  If any evidence that suggests the defendant may be
incompetent to stand trial comes to the trial court’s attention, the trial
court shall sua sponte “suggest that the defendant may be incompetent to stand
trial” and then “determine by informal inquiry whether there is some evidence
from any source that would support a finding that the defendant may be incompetent
to stand trial.”  [Art. 46B.004.]

 

Fuller v. State, 253 S.W.3d 220, 228 (Tex. Crim. App. 2008) (citations in footnotes in original).

If the evidence raises a bona-fide doubt
about a defendant’s competence, the trial court must conduct a competency inquiry
or hearing.  See id.
at 228.  We review a trial
court’s decision not to conduct a competency inquiry or hearing for an abuse of discretion.  See Moore v. State, 999 S.W.2d 385, 395-96 (Tex.
Crim. App. 1999).

Community supervision officer Kari Price
testified that Williford understood his duties and participated in
conversations about his situation.  He had even asked about avoiding the Substance
Abuse Felony Punishment Facility (SAFPF).  He completed eight sessions with Dr.
Sean McCarthy, a psychiatrist, who sent a note to Price:  “Mr. Williford is
beginning to make progress in treatment and understands the need for compliance
in obtaining the recovery he is now motivated for.”  McCarthy diagnosed
Williford with “bipolar disorder mixed,” but mentioned no “psychotic features.” 
Price testified that Williford “always appeared well oriented.”  She was
unaware of whether Williford had any recent psychological episodes.  She could
give no opinion as to whether he could currently communicate with his
attorney.  The trial court found this evidence insufficient to support an
incompetency hearing and proceeded with the revocation hearing.  Defense
counsel’s request for a continuance and an examination of Williford was denied,
and counsel announced not ready.

Several witnesses testified during the
remainder of the hearing.  Tony Williford testified that he obtained a copy of
the community supervision order so that he could help his son comply with the
conditions.  He testified that Williford has a problem, sometimes acts withdrawn
and moody, and was on medication.  His condition had deteriorated in jail such
that Tony can no longer read Williford’s letters or have a conversation with
him.  Williford’s step-mother testified that he has “ups and downs,” but is intelligent
and has a high IQ.  Price testified that Williford had been taking lithium for
mania and bipolar disorder, Cymbalta for depression, and Klonopin for anxiety. 
According to Price, these medications are commonly used together, but are
“designed to modify personalities.”  She admitted that Williford was being
treated for a mental disease or defect and drugs would impact his personality
and daily functions.   Williford had told Price that the medication was
helping.  Price was unaware that Williford had attempted suicide and was on
suicide watch.

During the hearing, Williford appeared
to have difficulty responding to questions from the trial court.[1] 
But during his testimony, Williford appeared to understand and properly respond
to questions from both defense counsel and the State.  He understood that he
was at the hearing for violating community supervision, namely failing to
report to SAFPF, and that he was found guilty of the offense by failing to
comply.  He understood that the trial court had already given him several opportunities
and admitted that committing the assault and violating community supervision
were wrong.  He also described hearing voices, which cause him difficulty
understanding his attorney, and complained that his medication “messes [him]
up.”  He thought SAFPF would have helped him and believed that he needed
treatment from MHMR.

The record does not demonstrate that
Williford suffers from an impairment that prevented him from having the “sufficient
present ability to consult with [his] lawyer with a reasonable degree of
rational understanding” or “a rational as well as factual understanding of the
proceedings against [him].”  Tex. Code Crim. Proc. Ann. art. 46B.003(a); see Grider v. State,
69 S.W.3d 681, 684-85 (Tex. App.—Texarkana 2002, no pet.) (evidence did not
show that paranoid
schizophrenic taking medication, hearing voices, and seeing visions was
incompetent); see also Reeves
v. State, 46 S.W.3d
397, 400 (Tex. App.—Texarkana 2001, pet. dism’d) (evidence of suicide attempt did not reflect on the
defendant’s “ability to understand or participate in the proceedings”); Townsend v. State, 949 S.W.2d
24, 27 (Tex. App.—San Antonio 1997, no pet.) (“A determination that a person is mentally ill does not
constitute a finding that the person is incompetent to stand trial.”).  The
record contains no evidence of any recent severe mental illness, bizarre acts,
or moderate retardation.  See Fuller, 253 S.W.3d at 228.  Accordingly,
the trial court did not abuse its discretion by failing to order an examination
and to conduct a competency hearing.  See Grider, 69 S.W.3d at
685.  We overrule
Williford’s first issue.

 

Sentence

            Williford’s second issue
contends that the trial court abused its discretion by sentencing him to prison
instead of sending him to SAFPF.  To preserve such a complaint for appellate
review, the complaining party must make a timely request, objection, or motion
and obtain an adverse ruling.  Tex. R.
App. P. 33.1; see Hawkins
v. State, 112 S.W.3d
340, 344 (Tex. App.—Corpus Christi 2003, no pet.) (complaint
that trial court abused its discretion by sending defendant to prison instead
of to SAFPF was not preserved in absence of objection to sentence).  Williford made no objection to the trial
court’s sentence.  His second issue is not preserved for appellate review.[2]

We affirm the trial court’s judgment.

 

 

REX D. DAVIS

Justice

 

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Affirmed

Opinion
delivered and filed May 27, 2009

Do not publish

[CR25]









[1] Williford appeared confused when asked
whether he wanted the State to read the charging instrument aloud.  When asked
whether he understood that he could not be compelled to testify and that
anything he said “can and will be used against you,” Williford responded, “I’ll
try.”





[2] If Williford had preserved
his complaint, the trial court did not abuse its discretion by sentencing him
to prison instead of SAFPF.  The eight-year sentence imposed by the trial court
is within the applicable punishment range, in fact being on the lesser end of
that range.  See Tex. Pen. Code Ann. § 22.02 (Vernon Supp. 2008); see
also id. §
12.33 (Vernon 2003); Jackson v. State, 680 S.W.2d 809, 814
(Tex. Crim. App. 1984) (“It is [] the general rule that as long as a sentence is
within the proper range of punishment it will not be disturbed on appeal.”); Hawkins v. State, 112 S.W.3d 340,
344-45 (Tex. App.—Corpus Christi 2003, no pet.) (though complaint was not
preserved, trial court did not abuse its discretion by sending Hawkins to
prison instead of SAFPF, as sentence was within applicable punishment range); Aleman
v. State, 2006 WL 2327750 (Tex. App.—Corpus
Christi Aug. 10, 2006, no pet.) (mem. op.) (not designated for publication) (trial
court did not abuse its discretion by sentencing defendant to prison instead of
SAFPF; sentence was within applicable range).