

# IN THE
# TENTH COURT OF APPEALS

### No. 10-07-00223-CR

**JOSEPH SEAN WILLIFORD,**

                                                          **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                          **Appellee**

_____

**From the 66th District Court
Hill County, Texas
Trial Court No. 31,846**

## MEMORANDUM  OPINION

The trial court revoked Joseph Williford's community supervision for aggravated

assault and sentenced him to eight years in prison.  In two issues, Williford contends

that the trial court abused its discretion by failing to allow an investigation into his

competency to stand trial and by sentencing him to eight years in prison.  We will

affirm.

### Competency

At the hearing on the State's motion to revoke, defense counsel expressed

"serious concerns about [Williford's] competency level" on whether Williford could understand their conversations or fully participate in his own defense. Counsel requested a continuance so a psychiatrist could review Williford's competency.

On the suggestion that the defendant is incompetent to stand trial, "the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." TEX. CODE CRIM. PROC. ANN. art. 46B.003(c) (Vernon 2006). "If after an informal inquiry the court determines that evidence exists to support a finding of incompetency, the court shall order an examination under Subchapter B to determine whether the defendant is incompetent to stand trial in a criminal case." *Id.* art. 46B.005(a).

In this case, the trial court did conduct an informal inquiry, on the suggestion of defense counsel, into Williford's competency. Williford's first issue complains that the trial court abused its discretion in finding that no evidence existed to support a finding of incompetency to stand trial and in failing to order an examination into Williford's competence.

> In *Pate v. Robinson*, [383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966)] Illinois conceded that "the conviction of an accused person while he is legally incompetent violates due process, and that state procedures must be adequate to protect this right." [*Id.* at 378, 86 S.Ct. 836.] The Supreme Court went on to determine that "where the evidence raises a 'bona fide doubt' as to a defendant's competence to stand trial, the judge on his own motion must impanel a jury and conduct a sanity hearing." [*Id.* at 385, 86 S.Ct. 836.] Under Texas law, a defendant is incompetent to stand trial if he does not have "sufficient present ability to consult with [his] lawyer with a reasonable degree of rational understanding" or "a rational as well as factual understanding of the proceedings against" him. [Art. 46B.003.] A bona fide doubt is "a real doubt in the judge's mind as to the defendant's competency." *Alcott v. State,* 51 S.W.3d 596, 599, n. 10 (Tex. Crim. App.

2001).] Evidence raising a bona fide doubt "need not be sufficient to support a finding of incompetence and is qualitatively different from such evidence." [*Id.*] Evidence is sufficient to create a bona fide doubt if it shows "recent severe mental illness, at least moderate retardation, or truly bizarre acts by the defendant." [*McDaniel v. State,* 98 S.W.3d 704, 710 (Tex. Crim. App. 2003).] If any evidence that suggests the defendant may be incompetent to stand trial comes to the trial court's attention, the trial court shall sua sponte "suggest that the defendant may be incompetent to stand trial" and then "determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." [Art. 46B.004.]

*Fuller v. State*, 253 S.W.3d 220, 228 (Tex. Crim. App. 2008) (citations in footnotes in original).

If the evidence raises a bona-fide doubt about a defendant's competence, the trial court must conduct a competency inquiry or hearing. *See id.* at 228. We review a trial court's decision not to conduct a competency inquiry or hearing for an abuse of discretion. *See Moore v. State*, 999 S.W.2d 385, 395-96 (Tex. Crim. App. 1999).

Community supervision officer Kari Price testified that Williford understood his duties and participated in conversations about his situation. He had even asked about avoiding the Substance Abuse Felony Punishment Facility (SAFPF). He completed eight sessions with Dr. Sean McCarthy, a psychiatrist, who sent a note to Price: "Mr. Williford is beginning to make progress in treatment and understands the need for compliance in obtaining the recovery he is now motivated for." McCarthy diagnosed Williford with "bipolar disorder mixed," but mentioned no "psychotic features." Price testified that Williford "always appeared well oriented." She was unaware of whether Williford had any recent psychological episodes. She could give no opinion as to whether he could currently communicate with his attorney. The trial court found this

evidence insufficient to support an incompetency hearing and proceeded with the revocation hearing. Defense counsel's request for a continuance and an examination of Williford was denied, and counsel announced not ready.

Several witnesses testified during the remainder of the hearing. Tony Williford testified that he obtained a copy of the community supervision order so that he could help his son comply with the conditions. He testified that Williford has a problem, sometimes acts withdrawn and moody, and was on medication. His condition had deteriorated in jail such that Tony can no longer read Williford's letters or have a conversation with him. Williford's step-mother testified that he has "ups and downs," but is intelligent and has a high IQ. Price testified that Williford had been taking lithium for mania and bipolar disorder, Cymbalta for depression, and Klonopin for anxiety. According to Price, these medications are commonly used together, but are "designed to modify personalities." She admitted that Williford was being treated for a mental disease or defect and drugs would impact his personality and daily functions. Williford had told Price that the medication was helping. Price was unaware that Williford had attempted suicide and was on suicide watch.

During the hearing, Williford appeared to have difficulty responding to questions from the trial court.[1] But during his testimony, Williford appeared to understand and properly respond to questions from both defense counsel and the State. He understood that he was at the hearing for violating community supervision, namely

---

[1] Williford appeared confused when asked whether he wanted the State to read the charging instrument aloud. When asked whether he understood that he could not be compelled to testify and that anything he said "can and will be used against you," Williford responded, "I'll try."

failing to report to SAFPF, and that he was found guilty of the offense by failing to comply. He understood that the trial court had already given him several opportunities and admitted that committing the assault and violating community supervision were wrong. He also described hearing voices, which cause him difficulty understanding his attorney, and complained that his medication "messes [him] up." He thought SAFPF would have helped him and believed that he needed treatment from MHMR.

The record does not demonstrate that Williford suffers from an impairment that prevented him from having the "sufficient present ability to consult with [his] lawyer with a reasonable degree of rational understanding" or "a rational as well as factual understanding of the proceedings against [him]." TEX. CODE CRIM. PROC. ANN. art. 46B.003(a); *see Grider v. State*, 69 S.W.3d 681, 684-85 (Tex. App.—Texarkana 2002, no pet.) (evidence did not show that paranoid schizophrenic taking medication, hearing voices, and seeing visions was incompetent); *see also Reeves v. State*, 46 S.W.3d 397, 400 (Tex. App.—Texarkana 2001, pet. dism'd) (evidence of suicide attempt did not reflect on the defendant's "ability to understand or participate in the proceedings"); *Townsend v. State*, 949 S.W.2d 24, 27 (Tex. App.—San Antonio 1997, no pet.) ("A determination that a person is mentally ill does not constitute a finding that the person is incompetent to stand trial."). The record contains no evidence of any recent severe mental illness, bizarre acts, or moderate retardation. *See Fuller*, 253 S.W.3d at 228. Accordingly, the trial court did not abuse its discretion by failing to order an examination and to conduct a competency hearing. *See Grider*, 69 S.W.3d at 685. We overrule Williford's first issue.

**Sentence**

Williford's second issue contends that the trial court abused its discretion by sentencing him to prison instead of sending him to SAFPF. To preserve such a complaint for appellate review, the complaining party must make a timely request, objection, or motion and obtain an adverse ruling. TEX. R. APP. P. 33.1; *see Hawkins v. State*, 112 S.W.3d 340, 344 (Tex. App.—Corpus Christi 2003, no pet.) (complaint that trial court abused its discretion by sending defendant to prison instead of to SAFPF was not preserved in absence of objection to sentence). Williford made no objection to the trial court's sentence. His second issue is not preserved for appellate review.[2]

We affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed May 27, 2009
Do not publish
[CR25]

---

[2] If Williford had preserved his complaint, the trial court did not abuse its discretion by sentencing him to prison instead of SAFPF. The eight-year sentence imposed by the trial court is within the applicable punishment range, in fact being on the lesser end of that range. *See* TEX. PEN. CODE ANN. § 22.02 (Vernon Supp. 2008); *see also id*. § 12.33 (Vernon 2003); *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) ("It is [] the general rule that as long as a sentence is within the proper range of punishment it will not be disturbed on appeal."); *Hawkins v. State*, 112 S.W.3d 340, 344-45 (Tex. App.—Corpus Christi 2003, no pet.) (though complaint was not preserved, trial court did not abuse its discretion by sending Hawkins to prison instead of SAFPF, as sentence was within applicable punishment range); *Aleman v. State*, 2006 WL 2327750 (Tex. App.—Corpus Christi Aug. 10, 2006, no pet.) (mem. op.) (not designated for publication) (trial court did not abuse its discretion by sentencing defendant to prison instead of SAFPF; sentence was within applicable range).